Nov. Term,
1830.

M'CREARY
v.
FIKE.

*Brown* and *Wick,* for the appellees.

## M'CREARY v. FIKE.

A party does not, by cross examining his opponent's witness, preclude himself from the right of demurring to the evidence.

If a demurrer to parol evidence contain all the evidence given, a joinder in demurrer may be demanded.

When a demurrer to evidence is allowed, the jury may assess the damages conditionally; or they may be discharged without making such an assessment: in the latter case, should the demurrer be overruled, the damages may be assessed by another jury on a writ of inquiry.

If, from the testimony set out in a demurrer to the plaintiff's evidence, the jury might have inferred that the action should be sustained, the plaintiff is entitled to a judgment in his favour.

Saturday,
December 11.

APPEAL from the *Marion* Circuit Court.

BLACKFORD, J.—This case originated before a justice of the peace. Several statements of the demand were filed, which are designated in the record by the letters B, C, D, E, and F. Statement B is a transcript from the docket of Justice *Beeler,* showing a suit by *M'Creary,* assignee of *Fike,* against *Thompson,* on two sealed notes, due in *December,* 1829. Statement C is an amended statement, alleging that the notes filed as a cause of action, were assigned by *Fike* to the plaintiff, in consideration of a wagon and oxen; that, after the assignment, the plaintiff discovered that *Thompson,* the maker, was an infant, and

would plead his infancy in bar to a suit on the notes; and that, on the plaintiff's mentioning this to *Fike*, they made a new contract: this contract was, that the plaintiff should sue on the notes, and *Fike* be liable for the costs in case of failure; that *Fike* should pay 100 dollars for the wagon and oxen, and deduct from the amount whatever he might recover from *Thompson*. The plaintiff avers, that he sued on the notes; and that *Thompson*, having pleaded infancy and fraud, obtained judgment. Statement D is four scaled notes given by *Thompson* to *Fike*, and assigned by the latter to the plaintiff. Two of them were due in *December*, 1829; the others, in *December*, 1831. Statements E and F relate to costs and other charges not necessary to be particularly noticed. To these statements of demand, the defendant pleaded non-assumpsit; and also, that the plaintiff owed him a certain sum for a mare sold and delivered. On the trial before the justice, the plaintiff recovered a judgment. The defendant appealed to the Circuit Court.

To prove his case, on the appeal, *M'Creary* introduced several witnesses; some of whom were cross-examined by the defendant. The evidence tended to show the new contract to be, that *M'Creary* was to sue *Thompson* on the two notes which were due; and that a failure in such suit on the ground of fraud, or the maker's infancy, should establish the liability of *Fike* as averred in the statements of the demand. The transcript from the docket of Justice *Beeler*, of the suit against *Thompson* on the notes due, showing a judgment for *Thompson* with costs, was given in evidence. There was parol proof, that *Thompson's* defence in the cause was infancy and fraud; and there was evidence tending to show, that the defendant had a demand for the price of the mare mentioned in the plea. The defendant, having set out the whole of the evidence, proposed to demur to the same, and requested that the jury might be discharged. The plaintiff objected to the demurrer; but the Circuit Court admitted it, and ruled the plaintiff to join. A joinder was filed, and the jury discharged. The defendant obtained judgment on the demurrer.

The plaintiff, *M'Creary*, complains of this judgment on these grounds: 1st, that the defendant, after cross-examining the witnesses, could not demur; 2dly, that the plaintiff could not be compelled to join in demurrer; 3dly, that the jury was illegal-

ly discharged; 4thly, that the evidence authorised a judgment for the plaintiff. The first two objections are not tenable. The practice is well settled, that the defendant, under the circumstances of the case, had a right to demur, and the plaintiff was bound to join in demurrer. There is no foundation for the third objection. The discharging of the jury was not erroneous. In these. cases, there are two modes of proceeding. Whenever a demurrer to evidence is allowed, the jury may assess the damages conditionally; or they may be discharged without such assessment. In the latter case, should the demurrer be overruled, the damages may be assessed by another jury on a writ of inquiry. 1 Arch. Pr. 209.

On the fourth objection, the plaintiff must succeed. The defendant, to support the judgment, contends, that the contract set out in the statement of the demand, differs from the one proved; the former showing that all the notes were to be sued on; the latter, that it was necessary to sue on the two only which were due. This position of the defendant is not sustainable. The several statements of the cause of action relative to what notes were to be sued on, are, when taken together, consistent with the proof. The notes alluded to in the statement marked C, must have reference to the two notes which were due, and which are described in the previous statement marked B. The description of the cause of action, and the evidence, both show that the defendant's liability to the plaintiff, depended on the result of a suit against *Thompson* on the notes due in *December*, 1829. This evidence relative to the notes to be sued on, together with the other testimony given in the cause, conduced to prove all the facts necessary to support the action. Whether, from the evidence set out in the record, a jury would have found for the plaintiff, is not for the Court to decide. There was proof from which a jury might have inferred that the action should be supported; and that was sufficient for the plaintiff. It is our opinion, therefore, that the judgment of the Circuit Court on the demurrer to evidence should have been in favour of the plaintiff.

*Per Curiam.*—The judgment is reversed, &c. with costs. Cause remanded, &c. (1).

*Brown*, for the appellant.

*Fletcher* and *Merrill*, for the appellee.

(1) A re-hearing was granted in this case; but the same judgment in it, as above, was afterwards rendered.