## STROUGH ET AL. *v.* GEAR ET AL.

| 48  | 100 |
|-----|-----|
| 124 | 60  |
| 48  | 100 |
| 140 | 525 |

BILL OF EXCEPTIONS.—*Motion to Strike Out.*—Error in striking out a pleading can only be presented on appeal by bill of exceptions.

PLEADING.—*Written Instrument.*—An answer based on a written instrument, which is not filed with and made part of it, is bad on demurrer.

PRACTICE.—*Harmless Error.*—*Evidence.*—Where all the evidence admissible under one paragraph of an answer may be admitted under other paragraphs, it is a harmless error to sustain a demurrer to such paragraph.

SAME.—*Demurrer to Evidence.*—Under the code, a demurrer to the evidence is proper.

SAME.—*What Should be Set Out in Demurrer.*—Where the plaintiff demurs to the evidence, he should set out at full length in his demurrer all the evidence given by the plaintiff and defendant.

SAME.—*Promissory Note.*—*Evidence.*—In an action on a promissory note, where there is no denial pleaded, and the affirmative paragraphs of the answer admit the execution of the note, the note need not be read in evidence or set out in a demurrer to the evidence.

PROMISSORY NOTE.—*Payable in Bank.*—*Innocent Holder.*—*Fraudulent Representations.*—In an action by an innocent indorsee on a note payable in a bank in this State, it is no defence that the execution of the note was procured by fraudulent representations.

SAME.—Where a note payable in a bank in this State, and an agreement by which the note was payable on conditions, were executed at the same time, and the agreement was not attached to or so referred to in the note as to be a part of it, and the payee indorsed the note to a party who had no knowledge or notice of the agreement, and subsequently the payee fraudulently substituted for said agreement another without conditions;

*Held,* that the subsequent fraud of the payee did not destroy or impair the immunity which attached to commercial paper in the hands of the *bona fide* holder.

DEMURRER TO EVIDENCE.—*What is Admitted by.*—A demurrer to the evidence admits the facts stated by the witnesses and the evidence given, and any inference and conclusion a jury might rightfully and reasonably draw therefrom.

SAME.—*Where Evidence is Circumstantial or Uncertain.*—If evidence is circumstantial or uncertain, leaving much to inference, it will not be sufficient to demur to the evidence generally, but in reciting the evidence given in the demurrer it should be distinctly stated what facts the evidence tends to prove in favor of the opposite party, and which the demurring party admits.

SAME.—*Assessment of Damages.*—*Jury.*—*Practice.*—Where there is a demurrer to the evidence and a joinder, the court may have the damages assessed by the jury conditionally, or the jury may be discharged, leaving the damages.

to be assessed by another jury, or to be assessed by the court, upon the consent of the parties or the failure of either party to demand a jury.

SAME.—*Error in Ruling, How Presented on Appeal.—Exceptions.*—A ruling upon a demurrer to the evidence, excepted to in the court below and assigned for error on appeal, presents to the Supreme Court the question as to the correctness of such ruling.

SAME.—*Motion for New Trial.—Assessment of Damages.*—Where there is a demurrer to the evidence, a motion for a new trial is unnecessary and unauthorized, except as to error in the assessment of damages.

PLEADING.—*Promissory Note.—Attorney's Fees.*—Where a note provided for the payment of " attorney's fees of —— per cent. if suit be instituted on the note ;"

*Held,* that the note was payable with reasonable attorney's fees, and that " of —— per cent. " was surplusage.

From the Henry Common Pleas.

*J. Brown, E. Saint,* and *D. W. Chambers,* for appellants.

*J. T. Elliott* and *W. H. Elliott,* for appellees.

BUSKIRK, C. J.—Suit by the appellees, who were bankers, doing business in the name of Hazzard, Murphy & Co., against the appellants, on a promissory note made by them May 10th, 1872, for two hundred dollars, with interest at ten per cent., due six months after date, payable to the order of M. Freidbarger, negotiable and payable in the First National Bank of Newcastle, Indiana, and assigned by the payee by endorsement, before maturity, to the appellees.

The appellants answered in five paragraphs. The first was stricken out on motion. A demurrer was sustained to the third paragraph. Issue was joined on the second, fourth, and fifth paragraphs. The cause was submitted to a jury for trial. The appellees demurred to the evidence. The court thereupon discharged the jury, and, having sustained the demurrer, rendered judgment for the appellees for the principal and interest of the note, and for twenty-five dollars attorneys' fees.

The appellants have assigned for error the following :

1. In striking out the first paragraph of the answer.

2. In sustaining the demurrer to the third paragraph of the answer.

3. The court erred in sustaining the demurrer to the evidence.

4. The court erred in compelling the appellants to join in the demurrer to the evidence.

5. The court erred in discharging the jury.

6. The court erred in overruling the motion for a new trial.

It is quite earnestly and ably argued, by counsel for appellants, that the court erred in striking out the first paragraph of the answer. When that paragraph was stricken out by the court, it ceased to constitute a part of the record, and could only be made a part of it subsequently by a bill of exceptions, which was not done. True, the clerk has copied it into the record, but this does not make it a part of it. The clerk cannot thus make a record for this court.

No question is presented for our decision by this assignment of error. This has been so often decided by this court that we do not feel justified in citing cases.

The action of the court in sustaining the demurrer to the third paragraph of the answer was clearly right. It was based upon a written instrument, which was not filed with and made a part of it. Besides, all the evidence admissible under this paragraph was, in fact, properly admitted under the fourth and fifth paragraphs of the answer, and consequently the error, if one had been committed, would have been harmless.

We next inquire whether the court erred in sustaining the demurrer to the evidence.

The counsel for appellants contend that under the code there cannot be a demurrer to the evidence. The law is otherwise settled. *Griggs* v. *Seeley,* 8 Ind. 264; *Lindley* v. *Kelley,* 42 Ind. 294.

The plaintiffs demurred to the evidence of the defendants, which was set out in the demurrer, as required by the two cases above cited. When the plaintiff demurs to the evidence of the defendant, he should set out all the evidence offered by the plaintiff and defendant at full length, so that the court may determine upon the whole evidence for whom judgment should be rendered. 1 Saund. Pl. & Ev. 1102, 1103; Tidd Pr. 861.

In the present case there was no denial in, and the affirma-- tive paragraphs of the answer admitted the execution of the note sued on. The note was not required to be, and was not, in fact, read in evidence, and there was no necessity for set-- ting it out in the demurrer. The evidence produced by the defendants very strongly tended to prove that the execution of the note was procured by the fraudulent representations and acts of Freidbarger, the payee and indorser of the note; but there was not a particle of evidence tending, in the remotest degree, to show that the appellees, at the time they purchased the note of Freidbarger, had any knowledge or notice of such fraud, and consequently there was nothing in the evidence from which the jury could have rightfully and reasonably inferred the existence of such knowledge or notice.

It appears from the evidence, that there was executed between the parties to the note a written agreement, which contained conditions upon which the note should be payable, and that this agreement was by Freidbarger fraudulently sub- stituted by another without such conditions. The note and agreement were executed on the 10th day of May, 1872. The note was sold and transferred to the appellees on the 12th day of said month and year. The fraudulent substitution of the agreement took place on the 13th of such month and year. The agreement was not attached to, or so referred to in, the note as to make it a part thereof. As we have seen, it does not appear that the appellees had any knowledge of such agreement at the time they purchased the note, or of the sub- stitution of such agreement. The fraudulent substitution of the agreement by Freidbarger, after the appellees became the *bona fide* holders of the note, did not affect their rights. The note was payable in a bank having an actual existence in the State, and was governed by the law merchant.

To entitle the appellants to defend against the note in the hands of the appellees, it was necessary to allege and prove that they had purchased the same with knowledge that it had been procured by fraud. If the appellees became the *bona fide* holders for value and before maturity, the subsequent

fraud of the payee and indorser did not destroy or impair the immunity which attaches to commercial paper.

It is also argued, that the demurrer was defective because this was a case of circumstantial evidence, and the demurrer did not admit the facts which the evidence tended to prove. We do not think it was a case of circumstantial evidence. The demurrer admitted the facts stated by the defendants' witnesses, and the evidence given, and every inference and conclusion the jury might rightfully and reasonably draw therefrom. If the evidence is circumstantial or uncertain, leaving much to inference, it will not be sufficient to demur to the evidence generally, but in reciting the evidence in the demurrer, the party demurring should state distinctly the facts which the evidence tends to prove in favor of the opposite party, and which he thereby admits, in order that the court may readily perceive the facts upon which they are to decide. *Copeland* v. *The New England Ins. Co.*, 22 Pick. 135, and the numerous cases cited.

We do not think the facts in the present case were so far circumstantial as to bring it within the rule above laid down.

It is also claimed, that the court erred in discharging the jury and in assessing the damages, without calling another jury. There was no error in this. In *Lindley* v. *Kelley*, *supra*, we held, that "where there is a demurrer to evidence and a joinder, the court may have the damages assessed by the jury conditionally ; or the jury may be discharged, leaving the damages to be assessed by another jury, should the demurrer be overruled." The language then used was taken from *Andrews* v. *Hammond*, 8 Blackf. 540, which was there cited. We now find the same language in *M'Creary* v. *Fike*, 2 Blackf. 374. In both of these cases, the defendant demurred to the evidence of the plaintiff, and damages were only to be assessed in the event that the demurrers were overruled. We are now satisfied that the rule in such cases was not accurately stated. It was correctly stated that the damages might have been assessed conditionally by the jury empanelled to try the cause, or that the jury might be discharged, leaving the damages to be assessed

by another jury should the demurrer be overruled, but we think it should have been added, or by the court by the consent of the parties, or upon the failure of either party to demand a jury. But in the present case the demurrer was by the plaintiff to the evidence of the defendant, in which case damages were to be assessed only on the condition that the demurrer was sustained. In such case the damages should be assessed in the same manner as when the defendant demurs to the evidence of the plaintiff.

In the present case, the jury was discharged upon the filing of the demurrer and before a decision thereon, and the damages were assessed by the court after the demurrer was sustained, without objection on the part of appellants. They might have demanded a jury, but having failed to do so, should be regarded as having waived a jury.

Where a demurrer is sustained to evidence, and an exception taken to such ruling, the assignment of such ruling for error presents for decision here the correctness of such ruling.

A motion for a new trial is unnecessary and unauthorized, unless it relates to some matter growing out of the assessment of damages. It is claimed that the damages assessed were excessive, for the reason that attorneys' fees were allowed. The note provided, " and attorneys' fees of —— per cent. if suit be instituted on this note." It is claimed, that as the per centum is not fixed in the note, there was no contract to pay any sum for attorneys' fees. We think otherwise. We think the appellees were entitled to recover reasonable attorneys' fees. The sum allowed was less than that proved. The words " of —— per cent." should be regarded as surplusage.

We think there was no error in the court below of which the appellants have any right to complain.

The judgment is affirmed, with costs.