JAMES H. CRAWFORD, Appellant, *v.* LILLIE G. DOX and others, Respondents.

*Assignment of equitable title to property — Bank stock — rights of bona fide purchaser of —when will prevail over equities of third persons — rights of a donee.*

Ann Ward, being entitled to certain bank stock upon the death of her mother, executed an instrument whereby she assigned the same to her two sons, reserving to herself the right to collect the dividends thereon during her natural life, but not in any way to diminish the capital. Upon the death of her mother the stock was transferred on the books of the bank to Ann Ward. Subsequently, the defendant Folger, in ignorance of the assignment, and in good faith, purchased a portion of the stock from the said Ward, paying her the par value thereof, the proceeds of the sale being applied by the said Ward to purchase a house for the defendant Dox, an adopted daughter.

Upon the death of Ann Ward, this action was brought by the plaintiff, one of her sons, to compel the defendant Folger to retransfer the stock, upon payment of what he had paid therefor and interest thereon, and to compel the defendant Dox to transfer to him the house purchased with the proceeds arising from the sale of the stock. *Held* (1), that as the equity of the defendant Folger was equal to that of the plaintiff, and as he had also the legal title, the action could not be maintained as to him (Merwin, J., dissenting); (2), that as the defendant Dox was not a *bona fide* purchaser for value, the plaintiff, having the prior equity, was entitled to succeed.

Appeal from a judgment in favor of the defendants, entered on the report of a referee. The action was brought to recover 122

shares of stock in the Commercial Bank of Albany, from the defendant Chas. J. Folger, on payment to him of the full amount paid by him, with semi-annual interest, less the dividends received by him; and also to recover the money thus paid by defendant Folger for said stock, or the avails thereof, from the defendant Lillie G. Dox, she being the donee of the same. The plaintiff claimed that he and his brother, who was a defendant, were the joint owners of the stock.

The plaintiff and his brother Stephen were the only children of Ann Crawford, afterward Ann Ward, since deceased. Ann Crawford was one of the three children and legatees of one Job Gould, who died prior to April 30th, 1846, seized of a large personal estate, including bank stock in various banks in Albany city, and, among others, in " The Commercial Bank of Albany." On the 30th of April, 1846, the widow and all the heirs at law and legatees of said Job Gould entered into an agreement in writing, providing that the widow, Mary Gould, should have the use of the estate during her life, and at her death it should be equally divided between the three children.

On the 27th day of September, 1847, Ann Crawford, mother of plaintiff, in view of her approaching marriage with Jabez Ward (whom she married a few days afterward), made, executed and delivered to the plaintiff two instruments in writing. By the first of these she transferred to the plaintiff and his brother Stephen, their heirs, etc., " All my right, title and interest in and to all my portion or part of bank stock, being the bank stock I shall be entitled to receive on the death of Mary Gould," etc. Afterward, but on the same day, the second was executed; by which she transferred to them " all the personal property, choses in action and in possession, of whatever description, of which I am in any manner possessed in law or equity, and also all my right, title and interest to or in any personal property or chose in action, and in particular my portion of bank stock that, on the death of Mary Gould, my mother, becomes mine, either by descent or otherwise." Both recited a consideration of one dollar and divers other considerations. Both contained the following provisions: " Provided nevertheless, and this agreement is on this express reservation, that I, the said Ann Crawford, shall, during my natural life,

enjoy, if I choose, the use of the said property, or the dividends of the said stock, not in any manner diminishing the capital; and I do hereby authorize the said Stephen and James to take all lawful means, in my name or otherwise, to collect and reduce to their possession all said property." And both were delivered to the plaintiff at the same time.

November 14th, 1857, Mary Gould died. November 20th, 1857, the three children settled up and divided the estate, and the administrator, James S. Gould, assigned to Ann Ward, formerly Crawford, mother of plaintiff, 172 shares of stock in the Commercial Bank of Albany, as her share of the estate, and on the 1st day of December, 1857, those shares were duly transferred to the said Ann Ward, on the bank books. Neither the administrator nor the bank had any knowledge or notice of the execution of the assignments until after Mrs. Ward's death. Mrs. Ward continued to draw the dividends on said stock until she sold the same, as stated hereinafter. Jabez Ward died in 1849; after that Mrs. Ward adopted the defendant Lillie G. Dox, as a daughter, and Lillie lived with her in that relation until her (Mrs. Ward's) death.

About May 21, 1864, Ann Ward died at Geneva, New York.

On the 3d of September, 1863, 100 shares of the stock were sold by Mrs. Ward, at par, to the defendant Folger, and the proceeds arising from the sale were used to purchase a lot of about four acres, which was conveyed to the defendant Lillie G. Dox, and was held by her at the time of the commencement of this action.

The referee found that at the time of the sale of the stock, neither Folger nor Lillie G. Dox had any notice or knowledge of the claim of the sons under the two assignments; nor had they any such knowledge until after the death of the said Ann Ward, but that each of them believed that the stock and the proceeds arising from its sale were her sole and absolute property.

Ann Ward made a will, by which she gave to her adopted daughter, Lillie G. Dox, all her property except one or two articles. The will was duly proven and the property all paid over and delivered to the defendant Lillie G. Dox, by the executor, before he had any notice of the claim of plaintiff in this action. The property thus paid and delivered over included a bond and

mortgage of $400, part of moneys received of the defendant Folger, for stock. There was a question, under the evidence, as to the value of the stock at the time of its purchase by Folger.

*Angus McDonald*, for the appellant.

*F. O. Mason*, for the respondent Folger.

*E. G. Lapham*, for the respondent Dox.

E. DARWIN SMITH, P. J. :

The two bills of sale executed by Mrs. Crawford to the plaintiff and his brother, on the 27th of September, 1847, should be construed together. They were executed at the same time for the same general object, to give to her sons her personal property, to take effect in possession at her decease. They are deeds of gift, and I think clearly valid, as such, to vest in the plaintiff and his brother an equitable interest in, or title to the personal property of Mrs. Crawford, whatever it might be, which remained to her at the time of her death, subject to the reservation to her of the use of the same during her life. (*Harris* v. *Clark*, 3 N. Y., 111; *Fulton* v. *Fulton*, 48 Barb., 582.)

At the time of the execution of said papers, she had nothing more than an equitable interest in such personal property. The title to it was in her brother, as administrator of her father's estate, and it so remained until the decease of her mother; she then took and became possessed of the legal title to 172 shares of the stock of the Commercial Bank of Albany, by the proper transfer of the same to her upon the books of the bank; and she then received the usual certificate of stock issued by the bank, as evidence of her title to such stock. When she, through her agent, proposed to sell said stock to Mr. Folger, it appeared that the same was standing in her name upon the transfer books of the bank, and that she had also the usual and every proper indicia of title to said stock, and was entitled to receive, and had received, the dividends thereon, from the time of its transfer to her, on the 1st day of December, 1857, the date of said certificate, till the transfer to Folger, of 100 shares, on the 4th of September, 1863, and of twenty-two shares, on the twenty-ninth of the same month; and was thus invested in her own name and apparent right with the absolute legal title to said stock.

The purchase of said stock of her by Folger, at the time afore-said, at par, upon and with the payment therefor, was a purchase in good faith, and gave him the absolute legal title thereto. If it were not so, there could be no safety in the purchase of bank stock. If the purchase from the apparent owner, having all the indicia of title thereto, and in receipt of the dividends thereon, could be affected by any latent or dormant equity between the vendor and any other third party, it would be difficult for a man to purchase such property and be sure that he was getting to it a valid title. Folger has, certainly, an equity equal .to that of the plain-tiff, and he has a valid, legal title. This in equity gives him the superior right, and he cannot be divested of such title. (1 Story's Jurisprudence, § 64, *c. ; Moore* v. *The Metropolitan National Bank*, 55 N. Y., 41; *McNeil* v. *The Tenth National Bank*, 46 id., 325; *Calais Steamboat Co.* v. *Fan Felt*, 2 Black., 374; *Grimstone* v. *Carter*, 3 Paige, 437.)

But this principle, that a party with an equal equity, who has clothed himself with the legal title, has the superior right, does not apply to the defendant Lillie G. Dox; she is not a *bona fide* purchaser ; she is a mere grantee of the real estate, conveyed to her by the direction and request of Mrs. Ward, without consideration. The $1,800 paid for such real estate, was a mere gift to said Lillie G. Dox, by Mrs. Ward. Between persons having equal equities, the prior equity must prevail. Mrs. Crawford had made a valid deed of gift to the plaintiff and his brother in 1847; she retained possession for them, or in subordination to their rights, during her life, in the character of a trustee of the title, taking herself the income of the property. She could not convey the property to another who had notice of the plaintiff's rights, so as to pass a valid title.

So far as relates to the defendants, Lillie G. Dox and her husband, I think they are liable to account for the proceeds of the sale of the stock to Folger, so far as the same were invested in specific property, remaining in their possession at the time of the com-mencement of this suit, or at the time of any earlier demand therefor, or to a conveyance of such property. The house and lot conveyed to Lillie G. Dox stands in the place of the stock sold to Folger. This property she is bound to relinquish to the plaintiff

and his brother, or to pay the amount of money invested therein. This conclusion follows inevitably when we regard the two bills of sale as deeds of gift. In such cases the title passes immediately upon the delivery of the deed to the grantee. It could not be an escrow in his hands. No delivery of the property was contemplated till the death of Mrs. Crawford. The deed gave the right to the grantees to claim and enforce the immediate possession of the property, in fact, upon the death of Mrs. Crawford. The possession was in the mean time retained by Mrs. Crawford, in accordance with the terms of the deed, as she reserved the use and income of the property during her life. Upon the delivery of the deeds, she became a trustee of the title for the donee (*Parish* v. *Stone*, 14 Pickering, 205), and could do nothing to defeat such title, except to sell the property, for a valuable consideration, to a *bona fide* purchaser, without notice of the trust.

It follows from these views, that the judgment should be affirmed as against the defendant Folger, with costs, and that it should be reversed as against the other defendants, Lillie G. Dox, William H. Dox and William H. Dox, Jr.; and that a new trial be granted as against these defendants, with costs to abide the event.

MERWIN, J. (dissenting):

I dissent from so much of the conclusions of my brethren, as affirms the judgment as to defendant Folger. He bought for $2,000 what was in fact worth $3,000. This is such an inadequacy of consideration, as will permit the plaintiff, one of the *cestui que trust*, to come in and redeem, on payment of what was paid or advanced thereon. In no other way can he be protected against the negligence of the trustee in not finding out what the stock was worth. The defendant should not, certainly, without consideration, receive the fruits of such negligence. If he is made whole, that is all equity will give him. He has paid only part of the value, and is entitled to protection only so far. (*Peabody* v. *Fenton*, 3 Barb. Ch., 462; *Stalker* v. *McDonald*, 6 Hill, 96; *Pickett* v. *Barron*, 29 Barb., 508.)

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Ordered in accordance with opinion of SMITH, P. J.