## NEWHOUSE v. CLARK.

FRAUDULENT REPRESENTATIONS.—*Demurrer to Evidence.—Effect of Joinder in Demurrer.*—In an action to recover damages for false and fraudulent representations, alleged to have been made by the defendant to the plaintiff, concerning the value of lands belonging to the former exchanged by him for lands belonging to the latter, the plaintiff, on the trial of the cause, offered no evidence of the value of the lands parted with by the defendant.

*Held,* on demurrer by the defendant to the evidence of the plaintiff, in which the latter joined, that, by his joinder, the plaintiff admitted that

no evidence of such value had been given, and that without it the demurrer should be sustained.

From the Boone Circuit Court.

· O. S. Hamilton, O. Newell, S. H. Buskirk and J. W. Nichol, for appellant.

C. S. Wesner, for appellee.

Howk, J.—In this action the appellant was plaintiff, and the appellee was defendant, in the court below.

In her complaint the appellant alleged, in substance, that, on the 1st day of April, 1874, she was the owner of a lot, particularly described, in the town of Lebanon, Boone county, Indiana, upon which she then lived, of the value of two thousand dollars; that appellant was weak and infirm, and more than seventy years of age; that the appellee, well knowing the premises, wickedly and designedly intending to cheat and defraud the appellant, falsely and fraudulently represented to her, that he, appellee, was the owner, in fee-simple, of certain valuable real estate, situate in Coffey county, Kansas, which he was desirous of exchanging for property in said town of Lebanon; that, if appellant would trade her property for said Kansas land, the appellee would make said exchange of property greatly to her advantage; that the appellant had no desire to make said exchange of property, but that appellee persisted in his efforts to induce her to trade with him, and by divers false and fraudulent representations cheated her out of her said property; that the appellee represented to appellant, that he knew her advanced age, was a brother in the Church, and would not· take advantage of her, and that he was able, ready and willing to make good all his representations; that said Kansas land was worth forty dollars per acre; that the title to said land was perfect, and that it was assessed for taxation at twenty dollars per acre; that all said representations were false and fraudulent; that the title to said land was imperfect and of no value, and that said land

was only assessed at three dollars per acre, and was of no value whatever, all of which the appellee well knew; that the appellant was ignorant of the matters represented by appellee, but, relying on said representations and believing them to be true, she agreed to exchange her said property for said Kansas lands, with the distinct understanding that, if said Kansas lands were not in every particular as represented by appellee, he would make good all deficiencies in money; that, soon after the appellant had parted with her said property, she went to Kansas, and there first learned that the appellee had wilfully and maliciously misrepresented every material fact in relation to said land, and had turned her homeless on the charity of the world; that on appellant's return to this State from Kansas, and before the commencement of this suit, she demanded of the appellee the damages she had sustained on account of said false representations, but that appellee had refused to pay her any sum whatever; and that, by means of the premises, the appellant had sustained damages in the sum of two thousand dollars. Wherefore, etc.

To this complaint the appellee answered in two paragraphs:

1. A general denial; and,

2. A special defence, which we need not set out, and to which the appellant replied by a general denial.

The issues joined were submitted to a jury for trial, in the court below, and the appellant introduced her evidence, and rested.

Thereupon the appellee demurred to the appellant's evidence, and the court below, having discharged the jury from the further consideration of this cause, afterward sustained said demurrer, to which decision the appellant excepted. And judgment was rendered on said demurrer by the court below, in favor of the appellee, and against the appellant, for the costs of suit.

In this court, the appellant has assigned, as error, the

decision of the court below, in sustaining the appellee's demurrer to the appellant's evidence.

"By a demurrer to evidence, all the facts of which there is any evidence are admitted, and all conclusions which can fairly and logically be deduced from those facts." *Bulkeley* v. *Butler*, 2 B. & C. 434, 446. *Lindley* v. *Kelley*, 42 Ind. 294, and *Strough* v. *Gear*, 48 Ind. 100.

It is evident, we think, from the averments of appellant's complaint, that the actual value of the Kansas land, as alleged therein, was a material and necessary fact to be shown by appellant's evidence, before she could possibly be entitled to any recovery in this action. There was no evidence whatever offered by the appellant in regard to the value of the Kansas land, and this was conceded by the appellant's joinder in the demurrer to the evidence. For the want of any sufficient evidence to sustain this material averment in appellant's complaint, it seems very clear to us, that the appellee's demurrer to the evidence was correctly sustained by the court below.

The judgment of the court below is affirmed, at the appellant's costs.

Petition for a rehearing overruled.