## THOMAS v. RUDDELL.

DEMURRER TO EVIDENCE.— *When may be filed.*—Either party to an action on trial by a jury may, on conclusion of the evidence in chief of the opposite party, interpose a demurrer to the evidence, and all of the evidence then in must be considered in ruling upon the demurrer.

SAME.—*Record.—Supreme Court.*—Where, in such case, an appeal is taken to the Supreme Court, the record should contain all of the evidence.

SAME.—*Effect to be given to Evidence.*—In deciding upon a demurrer to evidence, the court must find against the party demurring, if, upon any reasonable construction of the evidence, the jury might have found for the opposite party, had the case gone to them for a verdict.

SAME.—*Promissory Note Payable in Bank.—Action by remote Endorsee after maturity.—Fraud inadmissible in Evidence under Plea of non est factum.—Negligence.*—On the trial of an action by an endorsee of a promissory note payable in bank, wherein the defendant denied the execution of the note under oath, the evidence established that the defendant, intending merely to accept an appointment as an agent to sell a certain article, and having the ability to read, executed the note in suit, reading " Six months after date, or *before* if made out of " the sale of such article, etc., believing the same to read " Six months after date, if made out of the sale of " such article, as the same was read to him. The note showed endorsements by the payee and another in blank and not dated, but the endorsement to the plaintiff bore date after the maturity of the note.

*Held,* on demurrer by the plaintiff to the evidence, that he was entitled to recover.

*Held,* also, that mere fraud in the execution of the note was not admissible in evidence under the plea of *non est factum.*

From the Cass Circuit Court.

*D. P. Baldwin* and *D. D. Dykeman,* for appellant.

*S. T. McConnell* and *W. W. Woollen, Jr.,* for appellee.

PERKINS, J.—Suit by appellee, against appellant, upon a promissory note.

Answer, *non est factum.*

Evidence heard by a jury ; the plaintiff demurred to the evidence ; the court required the defendant to join in the demurrer, and discharged the jury. See, as to this practice, *Strough* v. *Gear,* 48 Ind. 100 ; *Holmes* v. *The Phœnix, etc., Ins. Co.,* 49 Ind. 356 ; *Lindley* v. *Kelley,* 42 Ind. 294.

The record contains all the evidence. This is as it should be. 3 Bl. Com. 372 ; Buskirk Prac. 178.

When the plaintiff had closed his evidence in chief, and rested, the defendant might then have demurred to the evidence. Gould Pl., chap. 9, sec. 52. But, when either party demurs to the evidence, his demurrer must be ruled upon, according to the practice in this State, in view of all the evidence which has been given in the cause at the time the demurrer is filed.

The following is a copy of the note sued on :

"$210.                         GALVESTON, Cass County,
                    "State of Indiana, Jan. 22d, 1873.

"Six months after date (or before if made out of the sale of R. R. Fenner's Improved Stubble and Sub-Soil Plow) I promise to pay to R. R. Fenner & Co., or order, two hundred and ten dollars, payable at the Citizens National Bank of Indianapolis, Indiana, for value received, with use, without any relief from valuation or appraisement laws. If suit shall be instituted to force the payment thereof, I agree to pay a reasonable attorney's fee. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.                         ABRAHAM THOMAS."

The note passed by assignment to the plaintiff. It does not appear to have been negotiated at bank. It was past due when assigned to the plaintiff. It had passed through other hands ; but there is no evidence showing the circumstances surrounding, nor the considerations for, such previous transfers, nor the dates at which they were made.

The following is a copy of the endorsements :

                              "R. R. FENNER & Co.
                              "S. REA.

"Oct. 15, 1873. For value received, I assign my interest in the within note to J. H. Ruddell, without recourse.
                         "W. W. WOOLLEN, JR."

The testimony is lengthy, and need not be set out fully in this opinion.

Abraham Thomas was the first witness. He testified to the facts touching the contract and the execution of the note. His testimony will be more fully stated, farther on in this opinion.

The next witness was John Thomas, whose testimony was relative to the execution of the note.

H. D. Thornton testified touching a reasonable attorney's fee. J. M. Justice did the same. T. J. Tuley did the same.

As to the execution of the note and the contract, a large portion of the testimony tended to prove fraud in obtaining the contract upon which the note was given, but this portion may have been irrelevant to the issue in the cause.

In *Edwards* v. *Brown*, 1 Tyrw. 182, BAYLEY, B., in delivering the opinion of the court, said:

" The first question therefore is, whether fraud can be given in evidence on *non est factum?* and I am of opinion it can not. I agree that whatever shews that the bond never was the defendant's deed, may be given in evidence on the plea of *non est factum;* but if a party actually executes, being competent to execute at the time, and was not deceived as to the actual contents of the bond, though he might be misled as to its legal effect, and though he might have been entitled to avoid the bond by stating on the record that he was so misled, he is not at liberty on the plea of *non est factum* to say that it never became by execution his deed."

In *Nebeker* v. *Cutsinger*, 48 Ind. 436, this is said, on page 445:

" In the case of *Cline* v. *Guthrie*, 42 Ind. 227–236, the law, as applicable to cases like the present, is stated in the following terms:

" ' It is well settled by authority and on principle, that

the party whose signature to a paper is obtained by fraud as to the character of the paper itself, who is ignorant of such character, and has no intention of signing it, and who is guilty of no negligence in affixing his signature, or in not ascertaining the character of the instrument, is no more bound by it than if it were a total forgery, the signature included.'

" To this proposition several authorities are cited, which will be noticed hereafter. We see no reason to change the statement of the law as thus made."

We re-state here a few additional rules of law, touching negotiable or commercial paper, as being pertinent to the question of *bona fides*.

1. " The purchaser of commercial paper from an innocent holder for value, may recover on it, though he may know when he takes the paper, of defences to it." *Hascell* v. *Whitmore*, 19 Me. 102 ; *Smith* v. *Hiscock*, 14 Me. 449 ; *Hereth* v. *The Merchants National Bank*, 34 Ind. 380.

2. Where the endorsement of a note is without date, it is presumed, nothing appearing to the contrary, to have been made at the date of the note. *Snyder* v. *Oatman*, 16 Ind. 265.

3. It is settled law in this State, that where the maker of a promissory note governed by the law merchant is induced by the fraud of the payee to sign his name thereto, he is liable to a *bona fide* endorsee for value, if he was guilty of any negligence in failing to inform himself of the contents of the note ; but he may not be liable to the original payee, or his assignee, who acquires the paper after the same has become due. A *non-bona fide* holder might not be able to recover where a *bona fide* holder might recover. *Cline* v. *Guthrie*, 42 Ind. 227 ; *Nebcker* v. *Cutsinger*, 48 Ind. 436 ; *Hereth* v. *The Merchants National Bank*, *supra*.

4. Commercial paper is presumed, the contrary not

appearing, to have been transferred by endorsement, upon a consideration. 1 Parsons Con. 265, note.

In the case at bar, the plaintiff acquired the note some months after it became due, but from prior endorsees who may have been *bona fide* holders.

It is manifest from what has been said, that it is necessary now to examine that part of the testimony touching the signing of the note in suit by the defendant; for the case turns upon this point. The signature may have been obtained in such a manner that the apparent maker of the note will not be liable even to a *bona fide* holder. *Nebeker* v. *Cutsinger, supra.* The testimony shows that the defendant was a carpenter, a man fifty-seven years of age, a resident of Duck Creek township, Cass County, Indiana; that just as he ".was finishing up his work" at night, two men, strangers, called at his shop, and wanted to sell him a five years' agency for the sale of " R. R. Fenner's Improved Stubble and Sub-Soil Plow." While at his shop they took out their papers for him to read, among them the note in question. He had not his glasses with him, told the men so, and that he could hardly see to read without them; that they could read their own writing better than he could, and to read the note. One of them read it, telling him, before commencing, that he would have nothing to pay if he did not make it out of the sale of the plows. He read the note thus: " Six months after date, if made out of the sale of R. R. Fenner's Improved Stubble and Sub-Soil Plow, I promise to pay," etc. · Believing the note to be drawn as read to him, Thomas, the maker, signed it.

This testimony as to the signing of the note is in no manner contradicted, but rather corroborated, and it makes a case, if believed, exactly within that of *Edwards* v. *Brown, supra.* At least the jury, had the case been left to it for decision, might so have viewed it.

The rule of decision by which the court should have

been governed in rendering judgment upon the demurrer of the plaintiff to the evidence was this, viz.: If the jury, had the case gone to it, might have found, upon any reasonable construction of the evidence, in favor of the defendant, the court was bound to find for the defendant. The court was bound to do for the defendant all that a jury might reasonably have done for him. *Andrews* v. *Hammond*, 8 Blackf. 540. "By a demurrer to evidence, all the facts of which there is any evidence are admitted." *Andrews* v. *Hammond*, *supra*, note; *Griggs* v. *Seeley*, 8 Ind. 264.

Upon consideration of the evidence in the cause, we feel constrained, in the light of the authorities, to come to the conclusion that the defendant below was guilty of negligence in signing the note as he did, and that the judgment against him was correct. *Woollen* v. *Ulrich*, 64 Ind. 120; *Maxwell* v. *Morehart*, *ante*, p. 301.

The judgment is affirmed, with costs.