No. 8073.

## Fritz *v.* Clark et al.

| 80   591|
|136   685|

Demurrer to Evidence.—*Practice.*—The evidence of the demurring party will not be considered upon a demurrer to the evidence. *Thomas* v. *Ruddell,* 66 Ind. 326, and *Baker* v. *Baker,* 69 Ind. 399, on this point overruled.

Same.—*When Party May not Demur.—Burden of Issue.*—A party can not successfully demur to the evidence, when the burden of the issue is upon him, as his own evidence will not be considered upon such demurrer.

From the Howard Circuit Court.

*J. O'Brien* and *M. Garrigus,* for appellant.

. *J. F. Elliott* and *L. J. Kirkpatrick,* for appellees.

BEST, C.—This action was brought by the appellees against the appellant to recover sixty-six acres of land in Howard county, Indiana. The complaint consisted of three paragraphs. The first was in the usual form, and the others alleged, substantially, that one Elijah Cowdell, on the 10th day of February, 1871, conveyed the land in question to the appellees as joint tenants; that on the 2d day of September, 1873, they, by warranty deed, conveyed the land to the appellant, who took possession thereof under said deed, and has since been in possession of it; that, at the time of such conveyance, the appellee Louisa was a minor, under the age of twenty-one years and after she arrived at the age of twenty-one years she repudiated and disaffirmed said conveyance; that the appellees were husband and wife at the time said Cowdell conveyed them the land, and ever since have been; that said Louisa still repudiates the conveyance made by them to appellant, who refuses to surrender possession, and wrongfully detains it from them. Wherefore, etc.

A demurrer for the want of facts was overruled to the second and third paragraphs of the complaint.

An answer of three paragraphs was then filed. The first was a general denial, the others were special. A counter-claim of two paragraphs was also filed. A demurrer for the want of facts was sustained to the third paragraph of the answer, and a like demurrer was sustained to the second paragraph of the counter-claim. A reply in denial was filed to the second paragraph of the answer, and the issues thus formed were submitted to a jury for trial. After the evidence on both sides had been heard, the appellees demurred to the evidence. The court withdrew the case from the jury, sustained the demurrer to the evidence, and rendered final judgment thereon for the appellees, to all of which the appellant duly excepted. A motion for a new trial was also made and overruled.

Various errors have been assigned in this court. Among others, it is insisted that the court erred in sustaining the appellees' demurrer to the evidence; and, as the conclusion

reached by us upon this question is decisive of the case, the others will not be considered.

The appellant insists that the evidence of a party who demurs will not be considered upon such demurrer, and in the absence of the appellees' evidence the demurrer should have been overruled.

The question thus raised has not been, so far as we are informed, decided in this State. In *Thomas* v. *Ruddell*, 66 Ind. 326, and in *Baker* v. *Baker*, 69 Ind. 399, it was held that a demurrer to the evidence by the plaintiff in each case was properly sustained. In the former, the evidence for the plaintiff was considered, and in the latter, under the issues, the judgment was wrong unless the evidence for the plaintiff was considered. In neither of them, however, was the point here made considered, nor decided otherwise than by the conclusion reached, which may be said to have necessarily involved its decision. This was, however, a mere assumption of the plaintiff's right to have his evidence considered upon such a demurrer, rather than a decision of the question. It was also said, in *Strough* v. *Gear*, 48 Ind. 100, that "When the plaintiff demurs to the evidence of the defendant, he should set out all the evidence offered by the plaintiff and defendant at full length, so that the court may determine upon the whole evidence for whom judgment should be rendered."

This statement implies that the plaintiff's evidence is to be considered upon such demurrer. This statement, however, was unnecessary to the decision of the cause, as the defences were all affirmative in their nature, and it was not necessary, as the court decided, for the plaintiff to prove anything in order to maintain the action. Unless the defendant established his defence, the plaintiff was entitled to judgment without proof, and, in such case, if any was offered, it could subserve no purpose in a demurrer.

There are many cases in our reports where the defendant has demurred to the evidence of the plaintiff. The following

are among them: *Lindley* v. *Kelley*, 42 Ind. 294; *Pinnell* v. *Stringer*, 59 Ind. 555; *Fouch* v. *Wilson*, 60 Ind. 64; *Newhouse* v. *Clark*, 60 Ind. 172; *Indianapolis, etc., R. W. Co.* v. *Goar*, 62 Ind. 411; *Miller* v. *Porter*, 71 Ind. 521; *Ohio, etc., R. W. Co.* v. *Collarn*, 73 Ind. 261.

There are some cases where the plaintiff has demurred to the evidence of the defendant, aside from those mentioned in the former part of this opinion, but in each of such cases the burthen of the issue was upon the defendant. The following cases are among them: *Strough* v. *Gear*, 48 Ind. 100; *Lemmon* v. *Whitman*, 75 Ind. 318.

In none of them, however, was the question here discussed involved, but all of them proceeded upon the familiar doctrine that the evidence of the party who joins in the demurrer must determine its sufficiency. Will the evidence of the party who tenders the demurrer be considered?

In *Hart* v. *Calloway*, 2 Bibb, 460, the defendant, after the evidence on both sides had been admitted, tendered a demurrer embracing the evidence of both parties, and the question was whether the plaintiff could be compelled to join in such demurrer. The court, in speaking of the nature of a demurrer to the evidence, said: "The demurrant, according to the established form, alleges that the matter shewn in evidence by his adversary, is not sufficient in law to maintain the issue on his part, and that he, the demurrant to the matters aforesaid, in form aforesaid shewn in evidence, hath not any necessity, nor is he obliged by the law of the land to answer, and concludes with a verification. * * * The party whose evidence is demurred to, in the joinder alleges that he hath shewn in evidence to the jury, sufficient matter to maintain the issue joined on his part, and for as much as the demurrant doth not deny nor in any manner answer the said matters, prays judgment. Thus is the issue joined between the parties, upon the question whether the matters shewn by the party whose evidence is demurred to, is sufficient in point of law to maintain the issue on his part. To this question the judgment of the

Fritz *v.* Clark *et al.*

court responds, either in the affirmative, that the matter shewn in evidence by him is sufficient, or in the negative that it is not sufficient."

In *Woodgate's Adm'r* v. *Threlkeld*, 3 Bibb, 527, the court, upon a similar demurrer, said: "The defendant could not by demurring cause his own evidence to be taken for true, and the court can not, without usurping the province of the jury, decide upon its truth. In principle, it is not less absurd for a party to demur to his own evidence, than it would be to demur to his own plea; and it is believed that there is no precedent to be found in the English books for the former, no more than there is for the latter practice."

In *Fowle* v. *The Common Council of Alexandria*, 11 Wheat. 320, the court, upon a similar demurrer, where the evidence was circumstantial, said: "Even if the demurrer could be considered as being exclusively taken to the plaintiff's evidence, it ought not to have been allowed without a distinct admission of the facts which that evidence conduced to prove; but where the demurrer was so framed as to let in the defendants' evidence, and thus to rebut what the other side aimed to establish, and to overthrow the presumptions arising therefrom, by counter presumptions, it was the duty of the circuit court to overrule the demurrer, as incorrect, and untenable in principle. The question referred by it to the court, was not a question of law, but of fact."

In *Copeland* v. *New England Ins. Co.*, 22 Pick. 135, the plaintiffs introduced the depositions of four witnesses, and rested; whereupon the defendants demurred to the evidence, and upon such demurrer insisted that such part of the testimony of said witnesses as tended to support the issue upon the part of the defendants should be considered. The court held otherwise, saying: "If the plaintiffs' evidence does not show a *prima facie* case, the defendants may demur; but if they wish to set up any facts in defence, they must resort to the jury to have them established. The depositions introduced by the plaintiffs, were taken by the defendants, and thus

the facts may be presented in an order and a form most favorable to the latter. The defendants, too, by demurring, admit the facts which the evidence conduces to prove for the plaintiffs, and can not avail themselves of such as it tends to show for the defendants. The plaintiffs, by joining in the demurrer, did not admit the truth of that part of the testimony which is favorable to the defendants, much less any inferences which may be drawn from it."

These cases abundantly show that the evidence of the demurrant will not be considered upon the demurrer, and, in the absence of authorities, it would seem impossible to reach any other conclusion. The demurrant attacks the evidence of his adversary, and, in the very nature of things, this attack can not be aided by his own evidence. The sufficiency of the adversary's evidence to support the issue upon his part is the only question presented by the demurrer, and this question must be determined without reference to the evidence of the demurring party; indeed, such party does not and can not have any evidence. The evidence of the adversary is alone involved in the issue raised by the demurrer. The cases of *Thomas* v. *Ruddell,* and *Baker* v. *Baker, supra,* so far as they are inconsistent with this opinion, should be overruled.

As the evidence of the demurring party is not to be considered, the case stands precisely as though no evidence was offered by the appellees; and, as the burthen of the issue was upon them, the demurrer should have been overruled, and judgment rendered for the appellant. *Fouch* v. *Wilson,* 60 Ind. 64.

For these reasons, the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be in all things reversed, at the appellees' costs, with instructions to overrule the demurrer to the evidence, and render judgment for the appellant. And it having been shown that since the submission of this cause, the appellant has departed this life, it is ordered that the judgment of this court herein be rendered as of the November term, 1879, at which term the cause was submitted.