COMPTON v. IVEY.

EVIDENCE OF TITLE.—*Parol Evidence.*— *Unlawful Detention.*—*Justice of the Peace.*—Title to real estate may, where no objection thereto is made, be proved by parol evidence, in an action for unlawful detention of the same commenced before a justice of the peace.

Compton v. Ivey.

SAME.—*Landlord and Tenant.*—The grantee of the heirs of an intestate lessor of real estate may maintain an action for possession of the same, against a lessee or sub-lessee, who unlawfully holds over after the expiration of the lease.

From the Hamilton Circuit Court.

*D. Moss, T. J. Kane* and *T. P. Davis,* for appellant.

BIDDLE, C. J.—Proceedings by Stephen Compton, against James Ivey, for the unlawful detention of real estate, commenced before a justice of the peace and appealed to the circuit court, wherein a trial by the court was had, and a finding and judgment for the defendant.

The usual steps were taken, by motion for a new trial, to present the case to this court, upon the single question of the sufficiency of the evidence to maintain the finding and judgment below.

The facts are as follows: On the 1st day of November, 1867, William Compton leased certain lands, being a part of section five, township nineteen, range three east, situated in the county of Hamilton, to Milton Burns. On the same day, William Compton leased to Thomas Johnson a certain portion of the same tract of land, described in reference to the part leased to Burns. On the 14th day of September, 1868, Thomas Johnson leased a part of the land he so held from William Compton to Elijah Gillum, to hold from the 1st day of March, 1869, to the 1st day of March, 1875. James Ivey entered into possession of, and occupied, the lands so leased by Johnson to Gillum, by Gillum's consent. This is the title of Ivey, under which, as it is alleged, he unlawfully detains the possession of the lands after the 1st day of March, 1875.

Stephen Compton introduced a deed in evidence from Isaac Compton to himself, for the north-east quarter of section five, township nineteen north, of range three east, of which the leased premises are a part. This deed bears date the 2d day of January, 1875. Stephen Compton testified as follows:

VOL. LIX.—23

" I own all the north-east quarter of said section.   William Compton was my father.   After his death my brother Isaac became the owner of the land, and I bought it of him.   Ivey's lease expired last March, and he refused to give possession."

This testimony was not objected to, nor is it either impeached or contradicted.   Title may be proved by parol, when the evidence is not objected to.   There is no conflict of evidence in this case.   It clearly shows title in Stephen Compton, and that Ivey has detained the possession since March 1st, 1875.   The finding should have been for the appellant.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.