Bennett *et ux. v.* Gaddis, Adm'r.

No. 8589.

BENNETT ET UX. *v.* GADDIS, ADM'R.

DECEDENTS' ESTATES.—*Administrator.*—*Sale of Lands.*—In a petition to sell lands, an averment that the petitioner is administrator of the deceased is a sufficient statement of his representative capacity. Profert of his letters or an averment of his appointment and qualification is needless.

SAME.—*Will.*—Where the deceased devised his real estate, charging it with the payment of his debts, his personal representative may, if the personal estate be insufficient, obtain an order to sell the lands, the devise being no obstacle whatever.

SAME.—*Petition.*—The petition in such a case is not bad as against the devisee for a failure to aver that the will has been admitted to probate, inasmuch as, without the will, he would have no interest in the land.

SAME.—*Evidence.*—*Commissioner's Deed.*—Possession of the testator, with a deed to him purporting to be from a commissioner appointed by a competent court, without the record on which the deed is based, is, as against the devisee, sufficient evidence of the testator's title.

SAME.—*Judgment.*—A judgment in a suit between the devisee and a stranger, whereby the title was adjudged to be in the former, is not, on the hearing of such a petition, binding upon the administrator, as evidence.

SAME.—*Will.*—*Conveyance.*—A will is not revoked by an invalid conveyance subsequently made by the testator.

From the Clinton Circuit Court.

*J. N. Sims,* for appellants.

*J. Claybaugh* and *B. K. Higinbotham,* for appellee.

ELLIOTT, C. J.—The appellee petitioned for an order to sell real estate belonging to the estate of William Webb, deceased, of which he is the administrator. The court made the order prayed for, and from the judgment entered in the proceedings this appeal is prosecuted.

The complaint alleges that the appellee is the administrator with the will annexed of William Webb, deceased, and this is a sufficient statement of his representative character. He was not bound to set out or make profert of his letters of administration. It is sufficient in such cases as the present for the petition to show that the petitioner is the administra-

tor without setting out his appointment and qualification. *Kelley* v. *Love*, 35 Ind. 106.

The complaint sets forth a copy of the will of the decedent, which, omitting the formal parts and signature, is as follows:

"I give and bequeath to John Bennett and his heirs all my personal property and real estate situated in Ross township, Clinton county, except $100 to be paid to Sarah J. Rikes. The condition of this will is that the said John Bennett is to keep and provide for William Webb during his natural life. That said William Webb shall keep one horse on the place; also, that the said John Bennett shall furnish plain tombstones for Mary Webb, also William Webb at his death; also, that the said John Bennett shall pay my debts at my death. Now, if the said John Bennett does not provide and support and kindly care for and treat the said William Webb, this will and testament shall be null and void."

It is alleged in the complaint that the appellant was placed in possession of the real estate under the provisions of the will; that the testator became a member of his family; that the will was delivered to a third person; that the testator died in March, 1876; that he died in debt to various persons; that these debts have not been paid, although two years have elapsed since the testator's death, and that claims to the amount of more than $500 have been filed against his estate. It is also shown that the personal estate of the decedent did not exceed $51.

Counsel on both sides have argued the question whether the condition stated in the will is a precedent or subsequent one; but it seems to us that it is not material whether it be regarded as the one or the other. The intent of the testator to charge the land with the payment of his debts is clear, and this burden fastened upon it by the will can not be displaced by the devisee. If he takes the benefit, he takes also the burden. The creditors have a right to the benefit of the provision made for them by their debtor. Where land is devised with a charge in favor of creditors, the devisee takes it subject to

this charge. If such a devise makes it a condition of the devisee's right to the lands, that he shall pay the demands of the creditors of the testator, he can not hold the lands as against the creditors, without paying their demands. The creditors have a right to sell the land for the payment of their claims unless the devisee frees it from the charge in their favor, imposed by the testator's will.

The right to subject the lands to sale for the payment of debts is properly asserted through the medium of an administrator. Where the personal property is not sufficient to pay the debts of the testator, it is proper for the executor or administrator to petition for the sale of the real estate, of which the decedent died seized. The proceeding is properly conducted under the orders and supervision of the court having probate jurisdiction. The proceeds are to be distributed among the creditors as in cases where there is no attempt to devise the land.

The debts referred to are those owing at the time of the testator's death. A will speaks from the death of the person by whom it was executed. It operates upon things in the state and condition in which they are at the time of death. Some rare exceptions have been pointed out to this general rule, but this case is not within any of them. On the contrary it falls fully within the rule.

The objection that the complaint is insufficient because it does not allege that the will has been probated can not prevail. If the copy of the will were expunged from the complaint, there would be sufficient to show a right in the appellee to maintain his petition. Where a complaint shows a right to some relief it must be upheld, although it may contain many redundant allegations, and may not entitle the plaintiff to all the relief claimed. *Teal* v. *Spangler*, 72 Ind. 380; *Bayless* v. *Glenn*, 72 Ind. 5. If there was no will, or if the will was not effective because not probated, the appellant is so much the worse off, for all the right he has to contest the claim of creditors is conferred by the will. Without the

will, or any reference to it, the petition shows a right to the relief prayed.

Upon the trial a deed executed to the decedent by a commissioner, appointed by the court of common pleas of Tippecanoe county, was read in evidence. Appellant is correct in saying that detached parts of a record are not admissible in evidence, but that the entire record should be introduced. *Foot* v. *Glover*, 4 Blackf. 313. This rule, however, extends only to such matters as are properly and strictly a part of the record, not as to matters which are merely collateral, although connected with the proceedings. Under the circumstances of this case the deed to the testator was properly admitted without the production of the record of the cause in which the judgment upon which it is founded was rendered. As both appellant and appellee claimed title from the same grantor, the latter was not bound to do more than show *prima facie* title in the common source. *Wilson* v. *Peelle*, 78 Ind. 384. The appellee proved possession in the testator, and also in the appellant under and through the testator, and the commissioner's deed was competent to show the character under which possession was held. The case before us is altogether unlike one where parties are claiming by titles derived from different sources.

A judgment was rendered in an action instituted against the appellant by one Ewing, adjudging the former to be the owner in fee of the land in controversy, and directing a conveyance to be made to him by a commissioner, and it is asserted that this judgment settles the title and right of the appellant. So far as the parties to that action were concerned, that judgment did settle the title, but not as against the appellee. Judgments bind parties and privies, but not strangers. The creditors of the decedent were not parties to that action, nor was the administrator.

The decedent in his lifetime executed a deed to Ewing, the plaintiff in the action referred to, and appellant maintains that the execution of this deed revoked the will. We can not

assent to this proposition. The judgment introduced in evidence shows that this deed was not valid, and certainly an invalid deed can not revoke a will. But if the appellant's position upon this point were conceded, we can not perceive what benefit he could obtain. If the will was revoked, them the lands would be subject to sale for the payment of the debts of the decedent, unless some one had acquired title by valid grant. We need not spend time upon this branch of the case, for the evidence plainly shows that the existence of the will alone enabled appellant to defeat Ewing, and that all the right, or interest which he has is derived from the will of William Webb.

We are not called upon to enquire what right, if any, the appellant has to demand compensation for taking care of the testator. There is no such question in this case.

Judgment affirmed.

Petition for a rehearing overruled.