Ruff *et al. v.* Ruff.

———————◆———————

No. 8566.

## RUFF ET AL. *v.* RUFF.

DEMURRER TO EVIDENCE.—*Practice.*—By demurring to the evidence, in case of conflict, a party withdraws from consideration whatever is favorable to himself and consents that whatever reasonable inferences can be, shall be drawn from the evidence against him.

SAME.—*Verdict.*—If the evidence is sufficient to sustain a verdict on appeal, it is sufficient to withstand a demurrer.

SAME—*Contest of Will.*—See opinion for a statement of evidence deemed sufficient, on demurrer, to sustain an action to set aside a will as "unduly executed."

From the Pulaski Circuit Court.

*M. Winfield, Q. A. Myers, J. C. Nye* and *N. L. Agnew,* for appellants.

*W. Spangler, G. Burson, S. T. McConnell* and *T. J. Tuley,* for appellee.

Woods, C. J.—The appellants filed objections to the admission to probate of the will of Magdalen Ruff, deceased, on the grounds of unsoundness of mind, and that the will was unduly executed. Upon the trial the appellee demurred to the evidence introduced in support of these objections. The court sustained the demurrer, and ordered the will probated. The appellants excepted.

We are of opinion that the ruling on the demurrer was wrong. It is impracticable, within reasonable limits, to give a statement of the evidence as it is set forth in the demurrer; and to give it would, as we conceive, subserve no good purpose. It is enough to say that it shows that when the will was made the testatrix was about sixty-seven years old, sick and feeble in body and mind; that she was, and for a long time had been, living with her son, the appellee, who had great influence over her, and, alone of her children, was present at the making of the will; that she had four children whom she had often declared a purpose to treat equally in respect to her property; and that her property consisted of real estate and personalty of the value of $3,000 or more. Besides these facts, of which there can be no dispute, there was evidence tending to show that the appellee procured the will to be made. In addition to other circumstances tending to establish this, it was shown that he had frequently declared that a will should be made, or that there would be a will. There was also evidence tending to show that the testatrix did not know what estate she had, particularly large sums of money due her from the appellee and others; that the appellee had told her and made her believe that she had little or nothing besides her land, and that when the will was being drawn she made no mention of the moneys which were due her, but, with-

Ruff *et al. v.* Ruff.

out giving a reason, or speaking of her other children, said she wished to give the appellee everything; and when the will as drawn was read to her, she commenced to say something about wheat, when the appellee stopped her by saying that that could be attended to at another time.

It may be said that the evidence of undue influence is circumstantial and weak, in itself, or as compared with the evidence to the contrary, and that probably the jury would have given a verdict for the appellee; but, if this be conceded, it is at the same time evident that if, on the testimony in the record, the jury had returned a contrary verdict, and the judge who presided at the trial had rendered judgment upon it, this court, under the rule by which it acts in such cases, could not set the verdict aside for want of evidence to sustain it; and, this being so, the demurrer should have been overruled. When the evidence is such that a jury may find in favor of a party, the other party can not defeat such finding by demurring to the evidence. This, if it could be done, would defeat the right of trial by jury.

By demurring to the evidence, when conflicting, the appellee withdrew from the consideration of the court whatever was favorable to himself, and consented that whatever reasonable inferences could be, should be drawn from the evidence against him. See the following cases and cases cited: *Fritz* v. *Clark*, 80 Ind. 591; *Willcuts* v. *Northwestern Mutual Life Ins. Co.*, 81 Ind. 301; *Hagenbuck* v. *McClaskey*, 81 Ind. 577; *Indianapolis, etc., R. R. Co.* v. *McLin*, 82 Ind. 435; *Trimble* v. *Pollock*, 77 Ind. 576.

Judgment reversed, and cause remanded, with instructions to the court to set aside its judgment and the ruling upon the demurrer.