Ruddell *v.* Tyner *et al.*, Administrators.

No. 9197.

RUDDELL *v.* TYNER ET AL., ADMINISTRATORS.

| 87 529|
|136 684|

DEMURRER TO EVIDENCE.—*Practice.*—A demurrer to evidence excludes from consideration the evidence of the demurrant.

SAME.—Where a demurrer by the plaintiff to the evidence introduced by the defendant is framed upon the theory that the evidence thus demurred to, when taken in connection with the plaintiff's evidence, constituted no defence, it should be overruled.

SAME.—*New Trial.*—Where there has been a demurrer to evidence, a motion for a new trial can not be entertained.

DECEDENTS' ESTATES.—*Promissory Note.*—*Pleading.*—*Evidence.*—In an action against a decedent's estate upon a written instrument, its execution by the decedent must be proved, though not denied under oath.

From the Hancock Circuit Court.

*W. R. Hough* and *W. W. Woollen,* for appellant.

*C. G. Offutt,* for appellees.

NIBLACK, J.—This action was commenced by the filing of a verified claim by James H. Ruddell against the estate of Ezekiel Tyner, deceased, of which Sarah Tyner and Frank Tyner were the administrators. The claim was based upon a promissory note purporting to have been executed by the decedent on the 16th day of April, 1873, for the sum of $400, payable six months after date to one Wellington Mills, and to have been transferred by assignment in writing to the plaintiff, Ruddell. The administrators, appearing as defendants, answered in general denial on behalf of the estate.

The defendants resisted the allowance of the claim upon the alleged ground that the note was a forgery, and hence never a binding obligation upon the decedent. The cause was submitted to a jury for trial. There was evidence, on the part of the plaintiff, tending to prove that the decedent signed the note and delivered it to the payee's agent at his own house, in connection with the execution of other papers, on the day of its date, and that he afterwards, in several ways, impliedly acknowledged the execution of the note, objecting

VOL. 87.—34

only to the manner in which it had been procured. The note was thereupon read to the jury. On behalf of the defendants, several witnesses testified that the signature to the note was not in the handwriting of the decedent, two of such witnesses also asserting that, at the time and place indicated by the principal witness for the plaintiff, no promissory note of any kind was either signed by the decedent or any one else, or exhibited or referred to by any one then present.

When the evidence was closed the plaintiff demurred to the evidence introduced by the defendants, upon the theory that the evidence thus demurred to, when taken in connection with the plaintiff's evidence, constituted no defence to the action. The court nevertheless overruled the plaintiff's demurrer to the evidence of the defendants, and the plaintiff thereupon entered a motion for a new trial, assigning various causes in support of his motion. But the motion for a new trial was also overruled, and final judgment, upon demurrer to the evidence, rendered for the defendants.

The practice adopted by the plaintiff in demurring to the sufficiency of the evidence for the defence, when considered in connection with the evidence offered by him, was seemingly sustained by the case of *Thomas* v. *Ruddell*, 66 Ind. 326. But that case has been very materially modified by the recent and more carefully considered case of *Fritz* v. *Clark*, 80 Ind. 591, in which it is held that, upon a demurrer to the evidence of his adversary, evidence introduced by the party demurring can not be taken into consideration in connection with the evidence demurred to, and that has, doubtless, always been the correct rule of practice in demurring to evidence. *Ruff* v. *Ruff*, 85 Ind. 431. As the demurrer was framed in this case, it presented no distinct question upon the sufficiency of the evidence offered by the defendants, independently of the evidence for the plaintiff, and for that reason, if for no other, it was correctly overruled.

It is well settled that in an action against a decedent's estate, upon a written instrument, the execution of the instru-

ment by the decedent must be proved, though not denied under oath.    *Wells* v. *Wells,* 71 Ind. 509.

It is argued that, for several specified reasons, a new trial ought, at all events, to have been granted.    The answer, however, to that argument is that there was no trial of this cause in that sense which enabled the plaintiff to reserve any question upon the proceedings below by a motion for a new trial. Under our code, a motion for a new trial is based upon the assumption that there has been either a finding by the court or the verdict of a jury, in the cause, after an examination of the facts in issue between the parties.    In this case the trial was suspended by the demurrer to the evidence of the defendants, and all remaining questions upon the evidence became questions of law for the decision of the court.    All further proceedings upon the trial were, therefore, not only waived, but abandoned by the plaintiff, and the cause was disposed of without either a finding or a verdict upon the weight of the evidence.

For these reasons there is nothing before us involving in any way the merits of this cause, or indicating any available error for which the judgment appealed from ought to be reversed.

The judgment is affirmed, with costs.