No. 7749.

ADAMS, ASSIGNEE, *v.* SLATE ET AL.

DEMURRER TO EVIDENCE.—By demurring to evidence, so much of it as
favors the demurrant is withdrawn from consideration.

FRAUDULENT CONVEYANCE.— *Pleading.*— *Evidence.*—In an action to set
aside an alleged fraudulent conveyance, the complaint must aver and
the evidence show that the debtor had no other property subject to exe-
cution at the time the action was commenced.

SAME.—*Presumption.*— *Insolvency.*—In such case, a fact shown to have ex-
isted will be presumed to continue in the absence of countervailing evi-
dence, *e. g.,* insolvency of the debtor, conceded to exist in November, 1876,
will be presumed to have continued in December, 1877.

From the Shelby Circuit Court.

87   573
127   75
127   242

87   573
131   229

87   573
134   94
136   684

87   573
142   445

*B. F. Love* and *D. V. Burns,* for appellant.

*R. B. Duncan, C. W. Smith* and *J. S. Duncan,* for appellees.

ELLIOTT, J.—Issue was joined upon the complaint of appellant, wherein he sought judgment upon several promissory notes executed by the appellee Benjamin F. Slate, and also a decree adjudging a conveyance of real estate made to Parmelia A. Slate, wife of the said Benjamin, to be fraudulent and void as against the creditors of the latter. Upon the close of the appellant's evidence the appellees severally demurred to the evidence. The demurrer of the appellee Parmelia A. was sustained, and judgment rendered in her favor. That of the appellant Benjamin F. was overruled. From the judgment in favor of Parmelia A. Slate appellant prosecutes this appeal.

We have had no brief from the appellees, and are not, therefore, furnished with any argument in favor of the ruling of the trial court. The appellant asserts that the ground upon which appellees' demurrer was sustained was that he had failed to show that Benjamin F. Slate had no other property subject to execution at the time the action was commenced, and in our unaided survey of the evidence we are unable to discover any other plausible or probable ground.

It is undoubtedly true that the plaintiff in such an action as the present must show that the debtor had no other property subject to execution at the time the action was instituted. *Bruker* v. *Kelsey,* 72 Ind. 51 ; *Spaulding* v. *Blythe,* 73 Ind. 93. It is also true that in the complaint this fact must be directly and sufficiently alleged. There is, however, a difference between pleading and proving a fact. *Jackson School Township* v. *Farlow,* 75 Ind. 118. In this case we are to enquire, not how such a fact must be pleaded, but by what evidence it may be proved.

We find in the record evidence showing the indebtedness of Benjamin F. Slate at the time he conveyed the property in

controversy; that the conveyance was made by him to his brother-in-law without consideration; and by the brother-in-law to the former's wife, also without consideration; and we further find this testimony given by Parmelia A. Slate: "At the time of the conveyance my husband owned no other property." The contention of appellant is that, having shown that the debtor owned no other property in 1876, the presumption is that the same state of facts continued. A demurrer to evidence admits as true all the facts which the evidence tends to establish, and also concedes every reasonable inference which may be drawn from the evidence. *Ohio, etc., R. W. Co.* v. *Collarn,* 73 Ind. 261 (38 Am. R. 134); *Miller* v. *Porter,* 71 Ind. 521. The precise question, therefore, which this record presents, is whether a jury might not infer from the confessed fact that Benjamin F. Slate had no property except that conveyed to his wife in November, 1876, that he had no other property in December, 1877, when this action was instituted?

It is a fundamental doctrine that, when a fact is once shown to exist, the presumption is that it continues to exist, and this presumption stands good till the contrary is shown or a countervailing presumption is raised. Taylor Ev., section 155; 1 Greenl. Ev., section 41; Whart. Ev., section 1284; Burrill Cir. Ev. 528. There is no reason why this familiar doctrine should not be applied to cases where the solvency or insolvency of a debtor is the point in issue. It has been so applied in several reported cases, among them *Walrod* v. *Ball,* 9 Barb. 271; *Body* v. *Jewsen,* 33 Wis. 402. The conceded fact that the debtor was insolvent in November, 1876, furnished sufficient grounds for inferring that his pecuniary condition was the same in December, 1877. We have here nothing to do with the strength or weakness of this presumption. The bare existence of such a presumption is fatal to the theory upon which the trial court rested its judgment.

A presumption remains available to the party in whose favor it arises until overcome by opposing evidence or broken

in upon by a countervailing presumption.    1 Best Ev., section 273; *Bates* v. *Pricket,* 5 Ind. 22.

Judgment reversed, at costs of the appellees.

## ON PETITION FOR A REHEARING.

WOODS, C. J.—Not disputing any proposition of law or fact contained in the original opinion, counsel for the appellee say, that, in order to have recovered in the action, the plaintiff should have established at least two things: 1st. That there was an actual indebtedness or liability on the part of Benjamin F. Slate; and, 2d. That the conveyance to Parmelia A. Slate was either fraudulent or voluntary.    An elaborate argument is made to show that the evidence, instead of supporting the first proposition, shows that it is not true.    By demurring to the evidence the appellee withdrew from consideration so much of it as was favorable to her, and left to the court the question whether there was sufficient evidence favorable to the plaintiff to establish every fact essential to his right of recovery. *Ruff* v. *Ruff,* 85 Ind. 431, and cases cited. The alleged cause of action against Benjamin F. Slate was a promissory note which he had wrongfully procured to be destroyed.    That he executed the note is clearly shown, and, also, that he never paid it; and while it may be that upon all the evidence offered the court might have found that the note was cancelled rightfully, it might also have found the contrary, and this court could not have disturbed the decision; but rejecting, as upon the demurrer it was bound to reject, so much of the evidence as was favorable to the appellee, the court could not have reached any other conclusion than it did, namely, that the note was improperly cancelled.

It follows that a rehearing would be useless.    The petition is therefore overruled.