No. 10,370.

## TALKINGTON *v.* PARISH ET AL.

DEMURRER TO EVIDENCE.—*Inferences.*—*Presumption.*—A demurrer to evidence admits every fact which the evidence tends to prove, and all reasonable inferences from them, but forced and violent inferences are not admitted.

SAME.—*Fraudulent Conveyance.*—*Husband and Wife.*—In an action against a husband and wife to set aside an alleged fraudulent conveyance, the evidence showed that the plaintiff had recovered a judgment against the husband for $750, who did not then have, nor has he since had, any property subject to execution; that since the judgment the wife has purchased real estate worth $5,000; that the estate of the wife's father amounted to $733.33, of which her distributive share was $104.76. The wife testified that she "had never inherited or received any property by gift or bequest, aside from her father's estate."

*Held,* that the evidence, upon a demurrer thereto, was insufficient to entitle the plaintiff to have the conveyance to the wife declared fraudulent.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*J. C. Suit, A. E. Paige* and *S. O. Bayless,* for appellees.

ELLIOTT, J.—The appellant gave evidence showing that on the 27th day of January, 1877, she recovered judgment against the appellee Theodore C. Parish for $750; that he had then no property subject to execution, nor did he have at the time this action was commenced; that on the 6th day of March, 1880, Deborah Burgess executed to the appellee Nancy J. Parish, wife of Theodore, a deed for certain real estate, and that the estate of Nancy's father amounted to $733.33, of which her distributive share amounted to $104.76; and the appellee last named, when called as a witness by the appellant, testified "that she had never inherited or received any property by gift or bequest, aside from her father's estate." No evidence was offered showing that Nancy had any notice of her husband's indebtedness, nor was there any evidence that she did not pay the consideration for the property conveyed to her, unless the statement we have quoted from her testimony can be said to supply such evidence. The appellees

demurred to the evidence, and their demurrer was sustained. The question for decision is, does the evidence entitle the appellant to have the conveyance to Nancy J. Parish declared fraudulent?

It is true, as appellant claims, that a demurrer to evidence admits all facts which the evidence tends to prove, and all reasonable inferences which may be drawn from them; but it is also true that forced and violent inferences are not admitted. *Willcuts* v. *Northwestern, etc., Co.*, 81 Ind. 300; *Pawling* v. *U. S.*, 4 Cranch, 219. We think it would be an unreasonable and violent inference to conclude that Nancy J. Parish was a mere volunteer. The only evidence which bears in the remotest degree upon this point is the statement made by Nancy in her testimony quoted above, and we can not infer from this that she did not get money from other sources than her father's estate, or in other ways than by gift or devise.

Appellant's counsel is in error in supposing that the only possible way in which a married woman can acquire money is by gift, devise or descent. There were other methods by which she might have acquired property after marriage, and in the present case there is no evidence tending to show that she might not have earned money or acquired property previous to her marriage. For anything that appears she may have been in the possession of large sums of money, or have been the owner of much property before she became the wife of her co-appellee. Her husband, at least while solvent, might have given his wife her own earnings. *Farman* v. *Chamberlain*, 74 Ind. 82.

The appellant assumed, by his action, the burden of showing fraud, and in order to do this it was necessary for him to overcome the presumption of good faith which existed in favor of his adversaries. Upon this presumption they had a right to stand, and, if it was not overborne by evidence, they had a right to insist that no case was made against them. We are unable to find anything which justifies the appellant in affirming that this presumption was broken down.

. We have several similar cases in our reports where demurrers were held to have been properly sustained to the evidence. In some of them the evidence for the plaintiff was decidedly stronger than in the present case. *Egan* v. *Downing*, 55 Ind. 65; *Pinnell* v. *Stringer*, 59 Ind. 555.

Judgment affirmed.

Opinion filed at the November term, 1882.
Petition for a rehearing overruled at the May term, 1883.