# SUPREME COURT OF JUDICATURE

### OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1884, IN THE SIXTY-NINTH YEAR OF THE STATE.

———————

No. 10,567.

STOCKWELL ET AL. v. STATE, EX REL. JOHNSON, AUDITOR.

DEMURRER TO EVIDENCE.—*Practice.*—By demurring to the evidence, the party demurring withdraws from the consideration of the court whatever is favorable to himself, admits as true all facts against him of which there is any evidence, and consents that whatever reasonable inferences can shall be drawn from the evidence against him.

SAME.—Upon such demurrer, the court will infer from the evidence every conclusion that a jury could reasonably have inferred.

SAME.—*Objections to Evidence.*—By demurring to the evidence, the party demurring waives all objections to its admissibility.

SAME.—*Motion for New Trial.—Waiver.*—When there has been a demurrer to the evidence, a motion for a new trial presents no question.

SAME.—*Defects in Pleadings.*—Defects in pleadings will not be considered as a reason for sustaining a demurrer to the evidence.

MORTGAGE.—*Foreclosure.—Parties.—Title.*—Parties claiming an interest in mortgaged land are proper parties defendants in an action to foreclose, and, when made parties, they are bound to set up their title or claim.

PLEADING.—*Practice.—Motion in Arrest.—Supreme Court.*—A complaint, to which no demurrer has been filed, will not be held bad on a motion in arrest, or on assignment in the Supreme Court that it does not state sufficient facts, simply because of containing statements of conclusions.

101 1
124 584
125 396

101 1
132 468

101 1
134 686

101 1
138 106

101 1
140 22

101 1
148 593

101 1
153 123

101 1
159 145

101 1
165 277

101 1
167 686

Stockwell *et al. v.* State, *ex rel.* Johnson, Auditor.

SAME.—*Assignment of Error.—Answer.*—An assignment of error in the Supreme Court, that the court below erred in sustaining a demurrer to a paragraph of answer, does not call in question the sufficiency of the complaint.

MORTGAGE.— *Complaint to Foreclose.—Subsequent Purchaser.—Record.—Time.*—Generally, a complaint to foreclose a mortgage against a subsequent purchaser from the mortgagor must allege that the mortgage was recorded at the place and time prescribed by the statute.

SAME.—*Notice.—Privity.*—The registry of a deed or mortgage is notice only to those who claim through or under the grantor or mortgagor.

SAME.—*School Fund Mortgage.*—Parties, holding or claiming through or under the mortgagor in a school fund mortgage, are bound to take notice of the mortgage, although not recorded as required by the general registry laws.

SAME.—*Description.—Presumption.— Acknowledgment.*— It appearing upon the face of a mortgage and the certificate of acknowledgment, that the mortgage was executed in this State, between residents thereof, the presumption, in the absence of anything in the instrument to the contrary, is, that the description was intended for lands in this State.

SAME.—*Auditor.—Loan by, to Self.*—A school fund mortgage is not void as to the State because the county auditor has made the loan to himself.

SAME.—*Interest.*—Such mortgage draws the same interest after as before maturity.

SAME.—*Sale without Appraisement.*—Upon the foreclosure of a school fund mortgage, the court may order the land sold without appraisement.

SAME.—*Priority of Lien.—Taxes.*—A sale of land for taxes which accrued after the execution of a school fund mortgage, is subject to the mortgage lien.

SAME.—*Entry of Satisfaction.—Recorder.—Auditor.*—The county recorder can enter satisfaction of a school fund mortgage before foreclosure, only upon an endorsement by the county auditor that the same has been fully paid.

SAME.—*Clerk.—School Fund.—Foreclosure.—Evidence.*—For the purpose of showing that the law was complied with in making a loan of the school fund, the certificate by the clerk and recorder, and the affidavit of the mortgagor, required by the statute, are competent evidence, and, being competent for this purpose, a general objection to such evidence is properly overruled.

SAME.—*Title of Mortgagor.—Presumption of Ownership.*—A mortgagor is presumed to be, at the time, the owner of the land mortgaged, until something to the contrary appears.

SAME.—*Possession by Mortgagor.*—The possession of the land by the mortgagor, at the time of executing the mortgage, is *prima facie* sufficient to show that he was the owner.

SAME.—*Parol Evidence.*—Title to real estate may be proved by parol, where such evidence is not objected to.

SAME.—*Title from Same Source.*—When two persons derive title from the same third person, it is, at least, *prima facie* sufficient to prove derivation from him without proving his title.

From the Gibson Circuit Court.

*A. Gilchrist, L. C. Embree* and *T. R. Paxton,* for appellants.

*F. T. Hord,* Attorney General, *J. W. Ewing* and *C. O. Erwin,* for appellee.

ZOLLARS, C. J.—This is an action by the State, on the relation of John W. Johnson, auditor of Gibson county, to foreclose a school fund mortgage executed by Willis S. Hargrove and wife, on the 12th day of November, 1866, to secure the payment of a note for one thousand dollars.

The defendants Stockwell and Viele demurred to the evidence. This was overruled, and a decree was rendered foreclosing the mortgage against all of the defendants. As to appellants Stockwell and Viele, the overruling of their demurrer to the evidence is the first and the important question for decision.

The complaint charges the execution of the note and mortgage by Hargrove and wife upon real estate in Gibson county, describing it, the recording of the mortgage in that county in January, 1867, the death of Hargrove and wife, and that since the execution of the mortgage the land has been conveyed to appellants Stockwell, Viele and Paxton, who claim to be the owners thereof; that they hold by privity of title with said Hargrove, and that their rights are junior to the lien of the mortgage in suit. A copy of the mortgage was filed as an exhibit, and as a part of the complaint. In the mortgage, the State and county are not given in the description of the land.

A joint answer by all of the defendants, setting up title in themselves by virtue of a sale of the land for taxes in 1877, was held insufficient on demurrer. The only remaining answers were a general denial and payment. To the latter, there was a reply of general denial. To make its case, the State introduced the following documentary evidence:

*First.* A deed for the land from John L. Key in 1864, to said Hargrove.

*Second.* The note and mortgage described in and filed as a part of the complaint, dated the 12th day of November, 1866, together with a certificate of the clerk and recorder of Gibson county, and an affidavit of Hargrove, which were upon the same paper with the mortgage, and were also filed with the complaint, as a part of the mortgage. These were made for the purpose of procuring the loan from the State. In this certificate, it is stated that the land mortgaged by Hargrove is in Gibson county, this State, and had not been conveyed or encumbered by Hargrove, nor by any person under whom he claimed title. In the affidavit by Hargrove, he stated that he was the legal owner of the land, and traced the title from himself, through mesne conveyances, back to the United States.

*Third.* A deed from the sheriff of Gibson county to Caleb Trippet for thirty-five acres off of the east end of the land, dated the 10th day of May, 1876. This deed is based upon a judgment in favor of Trippet against Hargrove in 1874. It appears from the recitations in the deed, that the whole of the land described in the mortgage was bought in by Trippet; that he received a sheriff's certificate for the whole, and that before getting a deed, he so assigned the certificate to one Lucius French as to entitle him to the west forty-five and one-half acres of the land so purchased. Hence the sheriff's deed to Trippet conveyed only the remaining east thirty-five acres.

*Fourth.* A deed from Trippet to appellant Thomas R. Paxton for this thirty-five acres, dated March 2d, 1878.

*Fifth.* A deed from the sheriff of Gibson county to appellants Stockwell and Viele, for the forty-five and one-half acres above mentioned, dated April 20th, 1880. This deed is based upon a judgment and decree in favor of said appellants, against said Lucius French, rendered at the August term, 1878, of the Gibson Circuit Court.

There was oral testimony on the part of the State as to the genuineness of the signatures of Hargrove and the clerk and recorder to the several documents executed by them as above; that during the year 1866 Hargrove lived on the Key farm in Gibson county; that during that year he was auditor of Gibson county, and that he died in 1879.

The above and foregoing was the evidence, substantially, in favor of the State. For the purpose of a decision upon the ruling of the court below, in overruling the demurrer to the evidence, we need not set out the evidence offered by appellants.

In the case of *Lindley* v. *Kelley,* 42 Ind. 294, it was held that upon a demurrer to evidence no advantage can be taken of any defect in the pleadings as a reason for sustaining the demurrer; that upon such demurrer the court will infer from the evidence every conclusion that the jury could reasonably have inferred from it; that all of the facts of which there is any evidence are admitted, and all conclusions which can fairly and logically be deduced from those facts.

In the case of *Ruff* v. *Ruff,* 85 Ind. 431, it was held that by demurring to the evidence when conflicting, the demurring party withdraws from the consideration of the court whatever is favorable to himself, and consents that whatever reasonable inferences can, shall be drawn from the evidence against him.

In the case of *Ruddell* v. *Tyner,* 87 Ind. 529, the same rule was announced, and it was further held, that where there has been a demurrer to the evidence, a motion for a new trial presents no question.

In the case of *Talkington* v. *Parish,* 89 Ind. 202, it was held that a demurrer to the evidence admits all facts which the evidence tends to prove, and all reasonable inferences which may be drawn from them, but that forced and violent inferences are not admitted.

In the case of *Kincaid* v. *Nicely,* 90 Ind. 403, it was held that where, upon a demurrer to the evidence, there is evidence tending to sustain the party having the burden of the proof, the demurrer should be overruled.

In the case of *Miller* v. *Porter*, 71 Ind. 521, it was said, that by demurring to the evidence, the demurring party waives all objections to its admissibility, and admits as true every conclusion which the jury could reasonably have drawn from it.

We need not here determine as to the competency of all of the evidence on the part of the State. By demurring to it, appellants Stockwell and Viele have treated it as competent, and consented that such weight shall be given to it, and such inferences drawn from it, as the rules of law will warrant. Thus regarding the evidence, and applying the rules established by the above cases, the evidence, at least, tends to show that Hargrove was the owner, and in the possession, of the land at the time the mortgage was executed by him, and that the title came to him, through mesne conveyances, direct from the United States. This being so, whatever title appellants had, if any, was subordinate to his and to the mortgage in suit.

If any force be given to the recitation in the sheriff's deed to Trippet, that French, by the assignment of the certificate, acquired an interest in the forty-five and one-half acres, then it clearly appears that appellants Stockwell and Viele derived title through Hargrove subsequent to the mortgage. In such case, they were proper and necessary parties defendants. If no force is to be given to such recitation, then there is nothing to show that French had any interest in or title to any portion of the land, and consequently nothing to show that Stockwell and Viele had any title, although they had a sheriff's deed based upon a judgment against French. Having such deed, they were proper parties defendants. If they indeed had no title, it is difficult to see how they could be injured by the foreclosure. They had a deed, and if they claimed anything under it, although they acquired no title by it, appellee was entitled to a foreclosure against them. Upon a demurrer to the evidence, whatever the rule may be in other cases, it was not essential that the proof should correspond exactly to the averment in the complaint, that Stockwell and Viele held in privity with Hargrove. They were

brought into court to answer to the complaint charging that they claimed an interest, and that it was junior and subordinate to the mortgage. This was a challenge to them to set up whatever title they had or claimed to have. *Hose* v. *All-wein*, 91 Ind. 497. In response to this challenge, they set up no title except the tax title, and this went out upon demurrer.

If these appellants held or claimed through or under Hargrove, they were bound to take notice of the school mortgage, although it was not recorded as required by the general registry laws. *Deming* v. *State, ex rel.*, 23 Ind. 416. If they did not so hold or claim, it is immaterial whether or not they had any notice of the mortgage, as French, from whom they claim to have derived title, unless he derived his title through Hargrove and subsequent to the mortgage, is not shown to have had any title whatever. As against the showing in favor of title in Hargrove, by a direct line of conveyances from the United States, we can not surmise, upon the demurrer to the evidence, that French may have, in some way, acquired a title superior to the lien of the mortgage.

It is insisted further by these appellants, that the demurrer to the evidence should have been sustained because of a failure to give the county and State, in the description of the land in the mortgage. In their argument upon this point, which is elaborate and able, we are asked to overrule the case of *Dutch* v. *Boyd*, 81 Ind. 146, in which it was held, that it appearing upon the face of the mortgage and from the certificate of acknowledgment, that the mortgage was executed in this State, between residents of the State, the presumption, in the absence of anything in the instrument to the contrary, is, that the description was intended for lands in this State. We recognize the force of counsel's argument, but we are not satisfied that the doctrine of that case should be departed from. Besides, that case has been several times cited and followed. *Wilcox* v. *Moudy*, 82 Ind. 219; *Smith* v. *Clifford*, 83 Ind. 520; *Keepfer* v. *Force*, 86 Ind. 81; *Brown* v. *Ogg*, 85 Ind. 234. This last case, as to the description of

the land, is identical with the one in hearing. In the case in hearing, not only is the residence of the mortgagors shown to be in this State by the mortgage, but the other dealings with the land show it to be in this State; for example, the land was sold to Trippet by the sheriff of Gibson county on a judgment and decree against Hargrove. In the sheriff's deed, the land is described as being in Gibson county, in this State, and so it is described in the other sheriff's deeds above referred to.

It is contended further that the mortgage is void, because, when executed, the mortgagor Hargrove was the auditor of the county, and made the loan to himself. Manifestly, the auditor had no right to make a loan to himself, but this will not defeat the right of the State to recover. The State can not in any sense be said to be *in pari delicto.* The general rule is, that contracts in violation of law are void, but this rule will not be extended and applied to a case like this, so as to enable the wrong-doer to take advantage of his own wrong against an innocent party. *Deming* v. *State, ex rel.,* 23 Ind. 416; *Scotten* v. *State, ex rel.,* 51 Ind. 52; *New England Fire, etc., Ins. Co.* v. *Robinson,* 25 Ind. 536; *Behler* v. *German Mutual Fire Ins. Co.,* 68 Ind. 347, 354.

If the auditor were seeking to enforce a right under the contract, or make defence by reason of its infirmity, a different question would be presented. In such a case it was said, in *Ware* v. *State,* 74 Ind. 181, that the loan was void as to the wrong-doer. This was not, and was not intended to be, an adjudication that the mortgage in such case would be, in the full sense, void, so as to defeat the State in a recovery. The purpose of the inhibition is to protect the fund; it must not, therefore, be so applied as to destroy the fund.

The further objection is made, that the decree orders the property sold without relief from valuation and appraisement laws. As these appellants are not shown to have had any substantial interest in the land, they are not in a condition to be injured by the form or substance of the judgment. We

think, however, that under section 4390, R. S. 1881, the court had authority to decree the sale of the land without appraisement.

Under a motion for a new trial, filed by these appellants, they seek to question the ruling of the court below in the admission and exclusion of testimony. By demurring to the evidence, these questions were waived. By such demurrer, the demurring party says, in effect, that waiving all questions upon the exclusion of testimony, and admitting that the testimony before the court on behalf of the adversary is competent, material and relevant, it is not sufficient to make a case in his favor. *Ruddell* v. *Tyner,* 87 Ind. 529. The amount of recovery is not too large. The mortgage drew the same interest after as before maturity. *Shaw* v. *Rigby,* 84 Ind. 375 (43 Am. R. 96).

We have now examined all of the questions made by the appellants Stockwell and Viele, and find that they are not such as to require a reversal of the judgment.

Appellant Paxton files a separate brief in this court, and presents some questions not discussed by counsel for the other appellants, Stockwell and Viele. He is in a position to present questions which they can not, as he did not demur to the evidence.

As already stated, appellants filed a third and joint answer, setting up title in themselves by virtue of a sale of the land for taxes. This answer was in bar to any recovery by the State, and presents the question as to whether or not a sale of the land for taxes, after the execution of the mortgage, and for taxes which accrued after the execution of the mortgage, destroys the mortgage lien and gives to the purchaser at such tax sale a title superior to the mortgage.

We had occasion, recently, to examine this question and decided in favor of the mortgage lien as against such tax title. *State, ex rel.,* v. *Jones,* 95 Ind. 175. It is provided by the statute, that " Mortgages taken for such loans shall be considered of record from the date thereof, and shall have pri-

ority of all mortgages or conveyances not previously re-corded, *and all other liens not previously incurred,* in the county where the land lies." Section 4380, R. S. 1881. It is also provided in the tax law, that the deed, executed by the au-ditor for land sold for taxes, shall vest in the ·grantee an ab-solute estate in fee simple, subject to all claims which the State may have on such land for taxes, liens or encumbrances. In this case the taxes accrued, and the sale was made, after the execution of the mortgage in suit. By the express pro-visions of the statute, therefore, whatever title appellants had by virtue of the tax sale and deed, was subject to the claim of the State under the mortgage. An answer setting up such title, therefore, is not a sufficient answer in bar of the State's action upon the mortgage.

It is further contended by this appellant, that the demurrer to the answer should have been carried back and sustained to the complaint. What we have already said in relation to the averments in the complaint, as to the location of the land in Gibson county, and the description of the land in the mortgage, will suffice here in response to appellant's point, that the complaint is bad because of the alleged insufficient description in the mortgage. As we have said, the complaint challenged the defendants to set up their title. It was not in-cumbent upon the State to show by averment that the amount of the mortgage could have been made by filing the claim against the estate of Hargrove. If this is a case in which equity would require the exhausting of Hargrove's estate before proceeding against the land in the hands of appellants, and they sought the benefit of that rule, it was incumbent upon them to show the case to be such by a proper answer. Appellant Paxton is not in a condition to require further proof of Hargrove's title, as whatever interest or title he has in or to the land, he holds under Hargrove. As shown by the evidence, Trippet bought the land at sheriff's sale on a judgment against Hargrove, subsequent to the mortgage, and Paxton holds by a deed from Trippet.

It is further insisted by this appellant, under his motion for a new trial, that the court erred in admitting in evidence the certificate of the recorder and clerk, as to encumbrances upon the land, and the affidavit of Hargrove as to his title. Conceding that the objection and exception to this evidence were properly made and saved, we think that there was no error. The statute requires such certificate and affidavit in making a loan of the school fund. Sections 4375 and 4376, R. S. 1881.

For the purpose of showing a compliance with the law in making the loan, if for no other purpose, the certificate and affidavit were competent evidence; and if competent for any purpose, the objection as made was properly overruled. *Elliott* v. *Russell*, 92 Ind. 526.

Upon the whole evidence, as set out in the bill of exceptions, we think that the appellant was chargeable with notice of the mortgage. Section 4380, R. S. 1881; *Deming* v. *State, ex rel.*, 23 Ind. 416.

Complaint is also made, that the trial court erred in excluding an entry of satisfaction of the mortgage made upon the face of the record thereof in 1873, by the recorder of Gibson county. The mortgage was to secure a note for $1,000. The entry of satisfaction offered is as follows:

" This mortgage satisfied in full, by filing in my office the treasurer's receipt for the sum of three hundred and twenty-five dollars, May 15th, 1873.          J. C. HALCOME.

" Attest: THOMAS J. ROBB, R. G. C."

The statute provides, that whenever the amount due on such mortgage shall be paid, and the treasurer's receipt therefor filed with the auditor, he shall endorse on the note and mortgage that the same has been been fully satisfied, and surrender the same to the person entitled thereto, and on production of the same, thus endorsed, the recorder shall enter satisfaction upon the record. Sections 4388 and 4389, R. S. 1881. The record shows no such endorsement by the auditor, nor is there anything in the record showing, or tending to show,

that "J. C. Halcome", was, at any time, the auditor of the county. This, at least, should have been shown, as the recorder had no authority to enter satisfaction in the first instance, nor had he authority to record any satisfaction unless the same was executed by the county auditor. For aught that appears, Halcome may have been a mere spoliator.

Having examined the several questions discussed by counsel, we are of the opinion that the judgment should be affirmed. It is, therefore, affirmed with costs.

Filed May 6, 1884.

## ON PETITION FOR A REHEARING.

ZOLLARS, J.—Apparently, counsel argue with much zeal, and with the utmost confidence in the correctness of their several positions, that the petition for a rehearing by Stockwell and Viele should be granted. Their contention is, first, that the evidence is not sufficient to bring home to Stockwell and Viele notice of the school mortgage. In support of this contention, we are cited to the cases of *Magee* v. *Sanderson,* 10 Ind. 261; *Peru Bridge Co.* v. *Hendricks,* 18 Ind. 11; *Faulkner* v. *Overturf,* 49 Ind. 265; *Martens* v. *Rawdon,* 78 Ind. 85; *Scarry* v. *Eldridge,* 63 Ind. 44. These cases assert the well settled doctrine, that in an action to foreclose a mortgage against a subsequent *bona fide* purchaser from the mortgagor, it must be shown by the averments in the complaint, that the mortgage was recorded at the place and time provided by the statute. It is also the law in this State, that the registry of a deed is notice only to those who claim through or under the grantor by whom the deed was executed. *Corbin* v. *Sullivan,* 47 Ind. 356. This same rule may be applied to mortgages.

The mistake of counsel is in the proper application of the doctrine of these cases to the case in hand. If Stockwell and Viele had no title or interest in the land at all, they are in no condition to ask a reversal of the judgment of foreclosure, because that foreclosure could in no way affect them.

And if they stood by and offered no evidence to establish a title or interest to or in the land in themselves, or if, by demurring to the evidence, they withdrew from the consideration of the court all of the evidence by them offered, they can not now complain of the decree of foreclosure. They were challenged to set up their title or interest, if they had any. They can not disregard this challenge, and then complain that the pláintiff did not protect their title and interest. *Carver* v. *Carver*, 97 Ind. 497, and cases there cited. They did set up a title by tax deed, and upon the answer being demurred out, they abandoned the claim. Counsel assume the whole case, by assuming that Stockwell and Viele did, or might have acquired title other than through or under Hargrove. The evidence shows that they acquired title through and under Hargrove, or they had no title at all. Key conveyed the land to Hargrove in 1864. In 1866, Hargrove and wife executed the mortgage in suit. In 1874, Trippet recovered a judgment against Hargrove, and a decree for the sale of the land in question, as Hargrove's land. The land was sold on that decree and Trippet bought it in. He received the certificate of purchase from the sheriff, and so assigned it to French as to entitle him to receive from the sheriff a deed for forty-five and one-half acres of the land. This same forty-five and one-half acres, Stockwell and Viele afterwards bought at sheriff's sale as the land of French. True, there is a *possibility* that French might have had title other than through Trippet's purchase and the assigned certificate, but upon a demurrer to the evidence courts will not look after possibilities. The only inference, and the legitimate inference, to be drawn from the evidence in this case is, that French's title was that which he derived through the assigned certificate, and this carries us back to Hargrove's title. Stockwell and Viele must, therefore, be held to have derived title through and under Hargrove. By a very casual examination of the sheriff's deed to Trippet, which constituted a part of their chain of title, they would have learned

that their title was traceable back to Hargrove. See *Wiseman* v. *Hutchinson*, 20 Ind. 40; *Hazlett* v. *Sinclair*, 76 Ind. 488 (40 Am. R. 254); Martindale Law of Conv., section 74, and cases there cited. When the conclusion is reached that they derived title through and under Hargrove, then the case of *Deming* v. *State, ex rel.*, 23 Ind. 416, cited in the principal opinion, applies, and they were bound to take notice of the mortgage, although it may not have been recorded.

It is next contended that the judgment should be reversed because the evidence does not show title in Hargrove at the time he made the mortgage; and it is asked, with some emphasis, whether this court will hold, that title to real estate may be established by the affidavit of a party claiming to own it.

To that inquiry we very readily answer no, if any objection be made to such evidence. But if the parties will agree to waive the production of the proper evidence, and agree that such evidence shall take its place, as competent evidence, then we know of no reason why the appellate courts should interfere and overthrow judgments, and involve increased costs to the parties and to the public, because upon such agreement the best evidence was not brought forward.

Hargrove's affidavit as to his title to the land was admitted in evidence by the trial court, and instead of contesting the case upon the ground that the affidavit was improperly admitted as evidence, Stockwell and Viele demurred to the entire evidence, and thus, under the well settled rule, as laid down in the case of *Miller* v. *Porter*, 71 Ind. 521, waived all objections to the admissibility of the evidence, and to each and every part of it. They said in their demurrer, what the law also said for them: "The said defendants admit the written evidence, and all the facts stated by the witnesses hereinbefore set out, and every inference and conclusion the court may rightfully and reasonably draw therefrom." Having thus, by resort to the demurrer, waived all objections to the admissibility of the evidence, it stands in the record pre-

cisely as if it had been admitted without objection by Stock-well and Viele, or with their positive consent. And thus the case falls within the rule laid down in the case of *Compton* v. *Ivey*, 59 Ind. 352; that title to real estate may be proved by parol when the evidence is not objected to.

If it should be conceded that the evidence under consid-eration was not sufficient to establish title in Hargrove at the time he executed the mortgage, it would not follow at all, that the judgment should be reversed. In the first place, Hargrove having executed the mortgage, it ought to be presumed, until something to the contrary appears, that he was at that time the owner of the land. *Robinson* v. *Leach*, 10 Ind. 308. In the second place, the evidence is clearly suffi-cient to justify the inference, that at the time Hargrove exe-cuted the mortgage, he was in open possession of the land under a deed from Key. Proof of this possession was *prima. facie* enough to show that he was the owner. In a case like this, at least, that ought to be so, until something to the contrary appears. *Robinoe* v. *Doe*, 6 Blackf. 85; *Sheets* v. *Dufour*, 5 Blackf. 549; *Shiel* v. *Ferriter*, 7 Blackf. 574; *Morss* v. *Doe*, 2 Ind. 65; *Holten* v. *Board, etc.*, 55 Ind. 194; 3 Wait Actions and Defences, p. 10, and cases there-cited. And, in the third place, whatever title Stockwell and Viele are shown to have, they derived from Har-grove. They thus derived title from the same person who-executed the mortgage. Mr. Greenleaf says : " Where both parties *claim under the same third person*, it is *prima facie* sufficient to prove the derivation of title from him, without proving his title." See, also, *Wilson* v. *Peelle*, 78 Ind. 384; *Bennett* v. *Gaddis*, 79 Ind. 347. Some of the authorities state the rule in such a case stronger. See 3 Wait Actions and Defences, p. 17, and cases there cited.

In any view that may be taken of the case, as it comes before us, these appellants were not entitled to have their demurrer to the evidence sustained, and are not entitled to a rehearing. Their motion for a rehearing is overruled.

Appellant Paxton has also filed a petition for a rehearing, again assails the complaint, and contends that the demurrer filed to the answer should have been carried back and sustained to the complaint. We noticed this contention somewhat in the principal opinion, although the question is not properly presented by the assignment of errors. One of the assignments of error by this appellant is, that the court below erred in sustaining the demurrer to the third paragraph of answer. This assignment brings in question the sufficiency of that paragraph of answer and requires an examination of it, but it does not require an examination of the complaint, or call in question its sufficiency. The statute requires that the errors relied upon shall be *specifically* assigned. R. S. 1881, sec. 655. That the assignment of errors must be specific and definite, and that the questions to be considered here will be limited by the assignment, has been many times ruled by this court. *Kimball* v. *Sloss,* 7 Ind. 589; *King* v. *Wilkins,* 10 Ind. 216; *Ruffing* v. *Tilton,* 12 Ind. 259; *McCallister* v. *Mount,* 73 Ind. 559; *Board, etc.,* v. *Byrne,* 67 Ind. 21; *Williams* v. *Riley,* 88 Ind. 290.

It is very clear that the complaint can not be examined, or passed upon, under this assignment of error. To make the question which this appellant seeks to make, he should have assigned as error, that the court below erred in not carrying the demurrer back, and sustaining it, to the complaint. There was no demurrer to the complaint below. There was a motion to arrest the judgment which was overruled, and appellants excepted. That ruling is assigned as error here, and brings in question the sufficiency of the complaint. The sufficiency of the complaint is also brought in question by the assignment, that it does not state facts sufficient to constitute a cause of action. But these assignments raise the question only of the sufficiency of the complaint after verdict. It is argued now, that the complaint is insufficient, because the facts alleged therein are not sufficient to bring home to Paxton notice of the mortgage. The averments are, that the mort-

gage was executed on the 12th day of November, 1866, and duly recorded by the recorder of deeds of Gibson county on the 14th day of January, 1867; "that subsequent to the execution of said mortgage, said lands have been conveyed to said defendants, Paxton, Viele and Stockwell, who now claim to be owners thereof, but that they hold said lands by privity of title with said Hargrove, and their rights thereto are junior to the lien of said mortgage." Although it is not necessary, as to school mortgages, as we have seen, the mortgage here is shown to have been properly recorded within the time fixed by the statute then in force. 1 G. & H. 260. If, then, appellants held the land by privity of title with Hargrove, and their rights thereto were junior to the lien of the mortgage, they were bound to take notice of the mortgage, and held subject to it. It is contended that this is not sufficiently shown by the complaint, because conclusions and not facts are stated. If it be conceded that the averments of the privity of title, and the juniority of rights, are averments of conclusions, as contended, it does not follow, when the question is made for the first time after verdict, that the defect may be made available as error. This is such a defect as ought to be, and we think is, cured by the verdict. It is not a case of an entire want of a material and essential averment, but rather a case of a defective averment that might have been amended below, and which, not having been questioned before verdict, should be disregarded on appeal. R. S. 1881, sections 398 and 658; *Baltimore, etc., R. R. Co.* v. *Kreiger,* 90 Ind. 380; *Smith* v. *Freeman,* 71 Ind. 85; *Indianapolis, etc., R. R. Co.* v. *Petty,* 30 Ind. 261; *Charlestown School Tp.* v. *Hay,* 74 Ind. 127; *Parker* v. *Clayton,* 72 Ind. 307; *Indianapolis, etc., R. R. Co.* v. *McCaffery,* 72 Ind. 294, and cases cited.

Other questions are discussed by counsel, but it would extend this opinion beyond proper limits to set out the results of our examination, and our conclusion upon each question. We have examined them all carefully, but find nothing in

them that would justify the granting of a rehearing. The important ones are disposed of by what has been said upon the petition of Stockwell and Viele. The motion for a re-rehearing is therefore overruled.

Filed June 9, 1885.