Filed Sept. 18, 1884.

---

No. 10,391.

WRIGHT, ADMINISTRATOR, v. JULIAN ET AL.

DEMURRER TO EVIDENCE.—*Practice.*—If there is any evidence favorable to the party demurring to the evidence, it can not be considered or weighed against evidence, the tendency of which is against such party.

SAME.—*Inference.*—If, from the evidence, the jury might infer that the plaintiff's action should be sustained, a demurrer should be overruled and the plaintiff should have judgment.

From the Marion Circuit Court.

*W. W. Herod* and *F. Winter*, for appellant.

HAMMOND, J.—This was an action by the appellant as administrator of the estate of John B. Julian, deceased, against the appellee John W. Julian, for the appointment of a receiver to take charge of the assets of a partnership alleged to have existed between the decedent and said appellee. The widow of the decedent was also a party defendant, but made default. Issues were joined between the appellant and the appellee John W. Julian, and submitted to a jury for trial. After the appellant introduced his evidence, the appellee John W. demurred to it. The jury was discharged; the demurrer was sustained, to which ruling the appellant excepted, and

judgment was rendered in favor of the appellees for costs. This ruling is assigned for error.

The evidence is set out in the demurrer. We have examined it with care. It does not make out a very satisfactory case in favor of the appellant, but, at the same time, tends to prove every material allegation of the complaint.

It is well settled by the decisions of this court that a demurrer to evidence admits the truth of every fact of which there is any evidence at all. It also admits all inferences which could fairly and logically be deduced from such facts by a jury. If there is any evidence favorable to the demurring party, it can not be considered or weighed against evidence, the tendency of which is against such party. If, from the evidence, the jury might infer that the plaintiff's action should be sustained, the demurrer should be overruled and the plaintiff should have judgment. *McCreary* v. *Fike*, 2 Blackf. 374; *Doe* v. *Rue*, 4 Blackf. 263 (29 Am. Dec. 368); *Stanford* v. *Davis*, 54 Ind. 45; *Pinnell* v. *Stringer*, 59 Ind. 555; *Ohio, etc., R. W. Co.* v. *Collarn*, 73 Ind. 261 (38 Am. R. 134); *Lemmon* v. *Whitman*, 75 Ind. 318 (39 Am. R. 150); *Trimble* v. *Pollock*, 77 Ind. 576; *Fritz* v. *Clark*, 80 Ind. 591; *Ruff* v. *Ruff*, 85 Ind. 431; *Ruddell* v. *Tyner*, 87 Ind. 529; *Kincaid* v. *Nicely*, 90 Ind. 403.

If, in this case, the jury had passed upon the evidence and returned a verdict for the plaintiff, this court, upon appeal, could not hold that the verdict was not sustained by sufficient evidence. In such case a demurrer to evidence should be overruled.

Reversed with costs, with instructions to overrule the demurrer to the evidence and for further proceedings.

Filed Sept. 19, 1884.