BROUGHER ET AL. *v.* MADDOX ET AL.

[No. 18,262. Filed March 19, 1952.]

324

*Edward L. McCabe,* of Williamsport, *Delure Thomas,* of South Bend, *Fansler, Fauvre, Young & Chambers,* of Indianapolis, and *Billings & Gillespie,* of Williamsport, for appellants.

*Ringer & Ringer,* of Williamsport, and *White & White,* of Covington, for appellees.

ROYSE, J.—At the time this action was commenced the appellant Anna E. Brougher and Murvin Ray Brougher were husband and wife. While this action was pending in the trial court Murvin Ray Brougher died. Thereafter, Britton C. Grames was appointed administrator of his estate and as a party in his place.

The facts may be summarized as follows: For some time prior to 1939 the Broughers owned the farm land in Warren County which is the subject of this dispute. In 1939 they executed a mortgage to the Alliance Life

Insurance Company on this property. In May, 1940, the Insurance Company obtained a judgment of foreclosure on its mortgage. More than one year after the filing of the suit, on July 28, 1941, the sheriff sold this property to the appellees and on said date executed his deed to them. At all of the times referred to herein the Broughers were non-residents of this state.

At the time of the sheriff's sale and deed there was growing on this property fifty-three acres of soy beans which had been planted by the Broughers. After the sheriff's deed, on September 24th, the Broughers started to combine and carry away these soy beans. They actually had removed about 118 bushels and sold them in Illinois for $184.08.

On said last mentioned date appellees commenced this action against the Broughers asking a judgment for the beans sold in Illinois and an injunction restraining them from combining and carrying away any more of the crop. The Broughers were at the time insolvent. To secure any judgment they might obtain the appellees had the tractor and combine belonging to the Broughers attached by the sheriff. Subsequently appellees obtained another restraining order against the Broughers to prevent them from interfering with the men appellees had hired to combine the beans.

After the temporary restraining order was issued and prior to the trial on the question of the issuance of a permanent injunction, the Broughers filed a verified motion for a stay of proceedings in this cause in which they stated they had filed a suit to set aside the sheriff's deed and the outcome of that action would "determine the title to the real estate, and the title to the crop of soy beans." The Broughers lost that suit. This cause was then tried. The trial court found for appellees and that their attachment was proper; that they were entitled to

recover $184.08 for the beans sold by the Broughers; and that the temporary injunction heretofore issued should be made permanent.

The appellants assign as error here the overruling of their motion for a new trial. The specifications of that motion are, that the decision of the trial court is not sustained by sufficient evidence and is contrary to law. In their briefs they assert these causes present substantially the same question and they treat them together. We shall do likewise.

Appellants contend the appellees' action herein is for possession of real estate and that generally equity will not entertain jurisdiction when there is an adequate remedy at law; that ejectment is an adequate remedy at law to obtain the possession of real estate, and is as practical and efficient to the ends of justice as the remedy in equity.

In our opinion, appellants have misconstrued the nature of this action. Appellees' complaint and supplemental complaint aver they are the owners of the property and that appellants unlawfully and without license or permission, entered upon said real estate. The preliminary restraining order restrained appellants "from entering or trespassing upon" this real estate. There is ample evidence to indicate appellees were in possession of this property from the date of the sheriff's deed.

The mortgage foreclosure and the sheriff's deed were made pursuant to Ch. 90, Acts 1931; §§3-1801—3-1821, Burns' 1946 Replacement. Pursuant to that Act, the sheriff's sale and deed were not made until more than one year after the foreclosure suit was commenced. Sec. 3-1806, Burns' 1946 Replacement, provided as follows:

"Mortgages executed after June, 1931—Sheriff's deeds—Rights conveyed.—Immediately after such sale the sheriff shall execute and deliver to the purchaser a deed of conveyance for the premises which shall be valid and effectual to convey all the right, title and interest held or claimed by all of the parties to said action and all persons claiming under them, and thereupon make due return to the clerk of the court."

Under the provisions of the statute appellees took the legal title to this real estate and were therefore in constructive possession of it. *Philbin et al.* v. *Carr et al.* (1921), 75 Ind. App. 560, 563, 129 N. E. 19, 706 (Transfer denied). The evidence also indicates they were in physical possession of the property. Immediately after receiving the sheriff's deed they went onto this property, walked over it and inspected it. This happened on several occasions. There is no evidence in the record that the Broughers were ever on this land after the sheriff's deed until September 24, 1941, when they unlawfully attempted to combine the beans. The crops growing on this land at the time of the sheriff's deed were conveyed with the real estate. *Turner and Another* v. *Cool* (1864), 23 Ind. 56, 58; *Heavilon* v. *Heavilon* (1868), 29 Ind. 509, 512.

In the case of *Harris* v. *Krekler* (1943), 113 Ind. App. 190, 46 N. E. 2d 267, speaking on the question of the remedy of injunction in cases of trespass, this court said:

"In the early history of equity jurisprudence courts of chancery uniformly refused to restrain trespass of any character, but in recent years the courts have repeatedly broken through this rule and now it can be said that cases in which equity will restrain trespass to realty are grouped as follows: (1) When the legal remedy is inadequate because the injury

"is irreparable in its nature; (2) when the trespass is continuous or repeated wrongful acts are done or threatened; and (3) when the legal remedy is inadequate because the trespasser is insolvent. Pomeroy's Equity Jurisprudence (2d) Vol. 5, §1909, p. 4326."

We believe the record in this case comes within the third classification in that case. In the trial of this case plaintiff's exhibit No. 20, which is the verified complaint for injunction and damages, and their exhibit No. 21, which was the verified supplemental complaint, were without objection introduced in evidence. Both of these exhibits averred the insolvency of the Broughers. While these exhibits could have been excluded on proper objection, on the record herein they may be considered by the court. *Stockwell et al.* v. *State ex rel. Johnson* (1884), 101 Ind. 1, 14, 15; *Riehl et al.* v. *The Evansville Foundry Association* (1885), 104 Ind. 70, 74, 3 N. E. 633; *Compton* v. *Ivey* (1887), 59 Ind. 352; *McFadden et al.* v. *Fritz et al.* (1886), 110 Ind. 1, 5, 10 N. E. 120; *Yeager* v. *Wright et al.* (1887), 112 Ind. 230, 236, 237, 13 N. E. 707.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 104 N. E. 2d 407.